# RUTLAND COUNTY.

## FEBRUARY TERM, 1835.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
  "  "  STEPHEN ROYCE,
  "  "  SAMUEL S. PHELPS, } *Assistant Justices.*
  "  "  JOHN MATTOCKS,*

---

RUTLAND,
*July,*
1835.

## LEONARD UTLEY *vs.* ROBERT H. SMITH.

The removing property out of a state, by a person to whom the same has been delivered for safe keeping, by an attaching officer, does not dissolve the attachment.

This was an action of trespass for taking certain articles of personal property. On the trial it appeared, that the property had been attached at the suit of the plaintiff, at Granville in the state of New York, as the property of one Hartwell, and by the attaching officer there delivered to the plaintiff, on the agreement that he should re-deliver the same on demand, or account for the same to said officer, and that the officer should not be accountable to the plaintiff, if said property should not be returned. The plaintiff carried said property into the adjoining town of Pawlet, in Vermont, and before the return day of said attachment in New York, the defendant took said property from the plaintiff, on attachment against said Hartwell, returnable in this state. The court directed a verdict for the defendant, on the ground that the lien, both of the constable and the plaintiff, occasioned by the attachment in New York, was discharged by carrying the property into the state of Vermont, and that it was thereby made liable to attachment as the property of Hartwell. To which decision there was exception, and thereupon the cause passed to this court for revision.

*G. W. Harmon for the plaintiff.*—The only question is, whether the lien, occasioned by the attachment in New York, was discharged by carrrying the goods into Vermont.

---

*An adjourned term was held in July, at which Judge Collamer was present—Judge Mattocks absent.

An officer, having attached the goods of a debtor, by virtue of process, thereby has acquired a lien upon such goods, or a qualified property in them, for the purpose which the law defines; which lien, or qualified property, cannot be divested, except by consent, or in due course of law.

RUTLAND,
July,
1835.

Utley
vs.
Smith.

But though such officer has *attached* the goods, in virtue of the writ, which is his only authority for so doing, he does not thereafter continue to *hold* them in virtue of such writ, which may be, and commonly is, immediately returned, and is placed on the files of the court; but he continues to *hold* the goods in virtue of his lien, or qualified property in them, which is superinduced by his official duty, and his relation to both parties in regard thereto. In this state this duty and relation require the officer to restore the goods to the debtor, in case the judgment be for him; or, by any means, the goods are relieved from the lien of the creditor; that of the officer still remaining, until he has returned the goods to the debtor. In the state of New York, the duty and relation of the officer are to and with the creditor only; to hold the goods for his benefit, and to respond the judgment he may recover, or to return them to such creditor, if the judgment be for the debtor; or by any means the claim of the creditor upon the goods, to satisfy his demand against the defendant, be dissolved; the creditor, or plaintiff, and not the officer, being in that state accountable for a return of the goods to the defendant in such case. Hence, the right of the officer to hold the goods attached being a *right of property*, though a qualified one, arising out of duties and relations to others, which continue to subsist after the return of the writ, such right being merely personal, must of course accompany his person, and must be the same in every place. A title to personal estate, acquired in one state, is good and is always respected in all other, even foreign countries. It is upon this principle only that a title to personal estate, acquired under a decree of a court of admiralty, in one country, is always respected as conclusive in all others, even in those which are at war with that in which the decree was made. It is the same with title by execution, and, of course, by attachment.—Story Comp. 412, 463. The case is analogous to that of bail, who, owing a duty, that is, being accountable to the creditor or officer for the appearance of the principal, may arrest him wherever he finds him, though his right, authority or title to do so was acquired in another jurisdiction. The question never can be, *Where* was the right over the person or goods exercised or claimed? but, *What* is the right or title, and is it a valid right or title? For, if such right or title were

RUTLAND,
July,
1835.

Utley
vs.
Smith.

once valid, that is, legally acquired, it cannot be divested, except by consent or due course of law.

The goods, in the present case, having been bailed by the officer to the plaintiff for safe keeping, serves to illustrate the foregoing argument. Had the owner of the goods, under claim of right, or had another officer, in virtue of a precept in the state of New York, taken the goods from the plaintiff in a suit by him, in either case, the only question (the taking admitted) would have been one of property,—Has the plaintiff a qualified property in the goods for which he sues? But the plaintiff upon becoming the bailee of these goods for safe keeping, by agreement with the officer carried them to his own house in this state, where they were taken from him by the present defendant, upon process from a magistrate in this state. Here again the same question occurs,—Has the plaintiff a property in the goods to enable him to maintain his action? In answer to this question, it appears that the officer in New York, having acquired a legal title to them by an attachment lien, bailed them to the plaintiff for safe keeping; thereby placing the title of the plaintiff and his right of recovery beyond controversy. For, the question of title is the only one in the case.

In the case of *Brownell* vs. *Manchester*, 1 Pick. Rep. 232, a deputy sheriff attached goods in Massachusetts, carried them into Rhode Island, and delivered them to a bailee, taking his receipt. It was held that the officer might maintain trespass against strangers, who took them from the keeper in Rhode Island.—1 Chit. 168, note 1.

*Ormsbee, for defendant.*—The defendant contends in this case, that whenever property attached under a particular jurisdiction is carried out of and beyond that jurisdiction, the property becomes subject to attachment under the laws of that government within the limits of whose jurisdiction such property is carried.

The attachment of a debtor's property, when made under *mesne process* does not divest the debtor of the right of property. It merely takes from him the possession.

To decide that property attached under one jurisdiction and removed to another is not subject to attachment under the laws of that other, is to decide that property of any amount may be kept without being subject to attachment or execution. It would take the property from the power of the first jurisdiction without submitting it to the last.

The opinion of the court was delivered by

RUTLAND,
*July,*
1835.
Utley
*vs.*
Smith.

COLLAMER, J.—This property was legally attached in New York, and a qualified property thereby created in the officer to the property, for which he was liable to the plaintiff to answer the debt, or to Hartwell if the attachment was otherwise discharged. It is obvious, this liability of the officer would continue both to the plaintiff and Hartwell, though the officer or his agent should convey the property into another state, and if his liability would continue, it is difficult to see why his qualified property, thus legally created, should not also continue and be recognized in a sister state. The legal possession being in the officer, he may deliver it to another for safe keeping, who thereby has the legal possession, the invasion of which is a trespass. The condition in the plaintiff's receipt, that he would return the property to the officer on demand, and that *the officer should not be liable to the plaintiff in the case the property should not be returned,* does not alter the case, as such would have been the effect had the receipt been silent on the subject.

The remaining question is, inasmuch as the property was delivered to the attaching creditor and was taken by the creditors of the owner, is not the officer discharged from both, and so his qualified property ended, on the ground that the *creditor* can never claim of him, as he took the property and never returned it, and the debtor can have no claim, as his creditors took and legally held it. This question may first be considered as unconnected with any change of the property from one to another jurisdiction. It has ever been the practice in this state, that the officer makes the attaching creditor keeper of the property if he is a responsible man and willing to undertake the trust. If the above doctrine be true, the debtor might in such case take the property from the creditor with entire impunity. This proves too much and is inconsistent.

In the second place, this attaching officer's liabilities were not ended. If, after settling the plaintiff's debt, Hartwell should call for his property, it would not be a defence for the officer or the plaintiff to say they had removed the property to another state, where it was subject to different process and exposed in a different market, and there it was taken by other creditors. The responsibility and qualified property in the officer did continue, and therefore this action may be sustained.

Judgment reversed,