## HAWVER v. WRIGHT.

(Supreme Court, Trial Term, Otsego County.   March 29, 1895.)

EVIDENCE—PAROL TO MODIFY WRITING.
  Parol evidence is not admissible to show that at or before the time of the execution of a warranty deed, purporting to convey all the grantor's interest in the premises, it was agreed that the grantor should have the right to retain possession of the premises.

Action by Charles B. Hawver against Harriet M. Wright. Judgment for plaintiff.

James W. Tucker, for plaintiff.
Robert M. Townsend, for defendant.

FORBES, J.   This is an action of ejectment to recover possession of a portion of a dwelling house and outbuildings connected therewith, located on a farm containing 122 acres of land, situate in the town of Milford, in the county of Otsego. The defendant in this action was formerly the owner and in possession of the entire farm, and executed three several mortgages upon said premises, from April 13, 1880, to the 14th day of July, 1885. These mortgages were executed to Cortland C. Wilcox originally, and covered the entire property. On the 13th day of February, 1890, the defendant executed and delivered to Mary C. Hawver a warranty deed of said premises, without any reservations contained therein. The design of the deed was to save the expenses of foreclosure of the said mortgages then owned by Mary C. Hawver. These mortgages were equal to or of greater value than the premises in question. The defendant was in posses-

sion of a portion of the premises at the time of the execution of said deed, and continued in possession at the time of the trial of this action. On the 14th day of November, 1892, Mary C. Hawver sold and conveyed the whole of said premises to Charles B. Hawver, the plaintiff in this action.

Upon the trial of the action the defendant sought to prove and introduce in evidence, as a defense under the complaint in said action, a parol agreement, made between plaintiff's grantor and the defendant, at the time of or prior to the execution of her deed to Mary C. Hawver, that, notwithstanding the execution of the warranty deed to plaintiff's grantor, absolute on its face, the defendant was to remain in possession of part of the dwelling house, outbuildings, and the garden upon the premises, and was to have her support from the farm conveyed, as long as she should desire to do so. An objection was made by the plaintiff to the introduction in evidence of the alleged parol contract, based upon the ground that it in terms contradicts the original grant, lessens the interest intended to be conveyed, and that such evidence is incompetent and inadmissible ·to vary, contradict, or overthrow the terms of the deed by which the defendant had conveyed her property to the plaintiff's grantor. The objection was overruled, an exception was given to the plaintiff, and the question was reserved by the court for the purpose of hearing the alleged defense; a trial by jury having been waived, and the case submitted to the court.

The only question to be discussed is whether this evidence was competent or admissible as a defense to the action, assuming that the plaintiff's grantor was the owner of the mortgages at the time the conveyance and parol contract were made. I am inclined to adhere to the opinion, formed upon the trial, that the evidence is inadmissible, and that the defense cannot be maintained. The deed, being absolute on its face, conveyed to the defendant's grantee all of her interest in the premises. The parol reservation carved out of the estate a life interest,—or an interest less than life, at the pleasure of the defendant,—lessened the value of the estate, and practically destroyed the force and character of the instrument which the defendant had executed. It was in no sense an independent contract, based upon any new consideration or undertaking, and cannot be upheld within the line of decisions in this state. Leonard v. Clough, 133 N. Y. 292, 31 N. E. 93; Case v. Bridge Co., 134 N. Y. 78, 31 N. E. 254; Woodard v. Foster, 64 Hun, 147, 18 N. Y. Supp. 827, affirmed 138 N. Y. 674, 34 N. E. 515. The last case cited arose in our own department, and the same doctrine was followed in the case of Lewis v. Yagel, 77 Hun, 337, 28 N. Y. Supp. 833; the authorities being again collated and discussed by Martin, J., who wrote the opinion in the case supra. The conveyance is under seal, and ought not to be disturbed or overthrown by parol evidence, contemporaneous with or made before the execution of the instrument. Thompson v. Poor (Sup.) 22 N. Y. Supp. 570. The distinction between contemporaneous parol contracts which are admissible in evidence, and those which are not admissible in evidence, was clearly stated again in this department in the case of Beagle v. Harby, 73 Hun, 310, 26

N. Y. Supp. 375; Martin, J., writing the opinion. The plaintiff is entitled to the possession of the land described in the complaint.

A decision may be drawn, and judgment in favor of the plaintiff may be entered accordingly.