[No. 8433. Department One. February 16, 1910.]

OREGON & WASHINGTON RAILROAD COMPANY, *Respondent*, v.
VULCAN IRON WORKS, *Appellant*.[1]

LANDLORD AND TENANT—UNLAWFUL DETAINER—WHEN LIES—DEEDS
—ORAL RESERVATIONS—EVIDENCE—ADMISSIBILITY. Where premises
are conveyed by deed absolute in form, the grantor remaining in
possession under an oral agreement to pay a monthly rental, the
conventional relation of landlord and tenant exists, making the
summary proceeding by unlawful detainer available, and it is in-
competent for the grantor to show by parol a reservation or limita-
tion whereby it was orally agreed that the grantor was to retain an
interest and possession for the period of one year upon making the
monthly payments.

SAME—TENANCY FROM MONTH TO MONTH—TERMINATION. Such a
holding is a tenancy from month to month, under Rem. & Bal. Code,
§ 8803, and may be terminated at the end of any month by giving
the statutory notice.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered June 21, 1909, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action of unlawful detainer. Affirmed.

*Hughes, McMicken, Dovell & Ramsey*, for appellant.
*Bogle & Spooner* and *Howard M. Findley*, for respondent.

RUDKIN, C. J.—On the 8th of February, 1906, the de-
fendant conveyed the real property now in controversy to one
Mary L. Struve by warranty deed; on the same day Mary
L. Struve conveyed by warranty deed to the Washington
Northern Railway Company; and on the 24th day of July,
1906, the Washington Northern Railway Company conveyed
to the plaintiff, the Oregon and Washington Railroad Com-
pany. The present action was instituted by the latter com-
pany under the unlawful detainer statute to recover posses-

[1]Reported in 106 Pac. 1120.

sion of the demanded premises. The fourth allegation of its complaint was as follows:

"That prior to January 1, 1908, the defendant was in the lawful possession of the above described property; and that on or about January 1, 1908, it was orally agreed between plaintiff and defendant that said defendant should continue in the use and occupation of the above described property from month to month as the tenant of this plaintiff, and should pay to this plaintiff, as rental for said premises, the sum of Six Hundred Dollars ($600) per month, payable on the first day of each month in advance; that under said oral agreement, and not otherwise, the said defendant continued in the possession of said premises as tenant of this plaintiff, and paid plaintiff the said agreed rental for the said month of January, 1908, and for each succeeding month, up to and including the month of February, 1909; and that said defendant has ever since continued and still remains in the possession of said premises."

The answer of the defendant denied the foregoing allegation in these words:

"Answering paragraph IV of said complaint, defendant admits that it was prior to January 1, 1908, in the lawful possession of the premises described in plaintiff's complaint, and admits that it was at and prior thereto agreed between plaintiff and defendant that defendant should continue in the use and occupation of said premises, and should pay plaintiff therefor the sum of six hundred dollars per month, and that defendant has ever since continued in the possession of said premises, and has ever since paid and tendered to plaintiff the said sum of six hundred dollars per month, and has even since continued and still remains in the possession of said premises; but defendant denies each and every of the remaining allegations of said paragraph IV."

In addition to the denials, the answer contained an affirmative defense, alleging in substance, that, at and prior to the date of the conveyance from the defendant to Mary L. Struve, the defendant was engaged in maintaining and operating, on the granted premises, a foundry, machine shops, moulding works, and blacksmith shops; that, in the conduct

of its business, it owned and kept on the premises large quantities of iron, steel, copper, lead, and other materials and supplies, used in manufacturing and repairing machinery, tools, and implements, as well as materials and supplies for sale to its customers; that, at the time of the conveyance to Mary L. Struve, the purchase was made through one F. K. Struve, who in truth and in fact represented the plaintiff in this action; that the scope, nature and extent of the defendant's business was fully explained and made known to said Struve, and as a part of the consideration for such sale and conveyance it was agreed that the defendant should reserve and retain possession of the premises, for the purpose of conducting and carrying on its business thereon, for the period of one year from March 1st, 1906, and thereafter until the expiration of one year from and after the giving of written notice by the grantee requiring the surrender and delivery of possession, and that the defendant should pay the sum of $600 per month for the use and occupation of the premises; that, after the plaintiff took the title to the premises in its own name, it acquiesced in the agreement theretofore made with the said Struve, and promised and agreed that it would give six months written notice before demanding possession, such promise and agreement being so made to enable the defendant to provide and prepare suitable premises for the conduct of its business elsewhere; that, relying upon such agreement and promises, the defendant has continued in the possession and occupation of the premises, has made permanent and additional improvements and repairs, installed new and additional machinery, and has erected foundations for other necessary structures, at a cost of $10,000; that the defendant now has on the premises more than 30,000 tons of machinery, tools, etc. of the value of $900,000, has outstanding contracts which it will require six months to fill and perform, etc. The court refused to admit oral evidence in support of the affirmative

defense, and the trial resulted in a verdict and judgment for the plaintiff, from which this appeal is prosecuted.

The appellant contends in support of its appeal that the special statutory proceeding by unlawful detainer will not lie in this case, because the conventional relation of landlord and tenant does not exist between the appellant and the respondent, and this is the sole question presented for our consideration.   The contention of the appellant that it reserved an estate or interest in the land at the time of the original conveyance to its immediate grantee cannot be sustained.   Its deed is absolute in form and any attempt to engraft reservations or limitations upon the estate granted would contravene well settled rules of evidence. *Hubenthal v. Spokane & Inland R. Co.*, 43 Wash. 677, 86 Pac. 955; *Morris v. Healy Lumber Co.*, 46 Wash. 686, 91 Pac. 186; *Hawver v. Wright*, 21 Misc. Rep. 211, 45 N. Y. Supp. 659; 17 Cyc. 619 *et seq.*

Under the facts which the parties were permitted to prove, the situation is this: the respondent is the absolute and unqualified owner of the premises in controversy, and the appellant is in possession under an agreement to pay $600 per month rent for use and occupation, with no written lease or contract creating or establishing an estate or interest in the land.   Such a holding the law declares to be a tenancy from month to month (Rem. & Bal. Code, § 8803) ; and the tenancy may be terminated by the requisite statutory notice before the end of any month.  *Watkins v. Balch*, 41 Wash. 310, 83 Pac. 321, 3 L. R. A. (N. S.) 852.  A grantor who reserves an estate in the granted premises does not become a tenant of the grantee, but no estate was here reserved.   We have the unqualified ownership in one person, the possession in another, and an agreement on the part of the person in possession to pay a stipulated sum per month for use and occupation.   All the essential elements of a tenancy would seem to exist, unless we sacrifice substance to mere form ; and while only a landlord may avail himself of the summary proceeding by unlaw-

ful detainer, the relation of landlord and tenant may exist or be created without an express contract. Jones, Landlord and Tenant, §§ 1, 5; Taylor, Landlord and Tenant, § 26; *McLennan v. Grant*, 8 Wash. 603, 36 Pac. 682.

We hold, therefore, that the original relationship between the appellant and the respondent was that of landlord and tenant by construction of law; that that relationship could be terminated by thirty days written notice before the expiration of any rental period, and that, if the appellant acquired any further or greater interest in the premises by part performance of an oral contract, such a defense is not permissible in this form of action.

The judgment of the court below is therefore affirmed.

CHADWICK, GOSE, FULLERTON, and MORRIS, JJ., concur.