[No. 8510.  Department One.  March 9, 1910.]

HUGH MONROE *et al.*, *Respondents*, v. W. C. STAYT *et al.*,
*Appellants.*[1]

LANDLORD AND TENANT—ESTOPPEL TO DENY TITLE—UNLAWFUL DE-
TAINER—HUSBAND AND WIFE—COMMUNITY RELATION.  Where premises
leased by a husband alone were occupied by the husband and wife
and rent paid for the full term, the wife is estopped, as a member
of the community, from disputing the title of the landlord, in an
action for unlawful detainer, notwithstanding that the community
relation was not considered in making the lease and that she did
not sign the lease.

LANDLORD AND TENANT—UNLAWFUL DETAINER—TITLE OF PLAINTIFF.
The title of the plaintiff cannot be tried out in an action of unlawful
detainer of demised premises.

HUSBAND AND WIFE—COMMUNITY PROPERTY—INCUMBRANCES.  A
promise by a husband to pay rent is not an incumbrance of com-
munity real estate, within Rem. & Bal. Code, § 5918, providing that
the husband cannot incumber the same without the wife's consent.

Appeal from a judgment of the superior court for Stev-
ens county, Carey, J., entered November 21, 1908, upon
the verdict of a jury rendered in favor of the plaintiffs, by
direction of the court, in an action of unlawful detainer.  Af-
firmed.

*C. J. Webb* and *W. C. Stayt*, for appellants.

*Post, Avery & Higgins* and *Jesseph & Grinstead*, for re-
spondents.

CHADWICK, J.—Plaintiffs brought this action to recover
possession of certain town lots in the town of Kettle Falls.
The property was held under a lease executed by plaintiff
Hugh Monroe, who it is admitted was acting as well for his
wife as for himself.  The term of the lease was six months,
and the stipulated rent was $10 per month, payable in ad-
vance.  The lease was signed by defendant W. C. Stayt

[1]Reported in 107 Pac. 517.

alone, who with his wife thereafter occupied the property under the lease, paying rent for the full term. Upon its expiration they refused to pay rent for a longer time, and refused to quit or vacate the possession of the property on demand.

In answer to a complaint drawn under the forcible entry and detainer statute, defendants set up the several defenses: That W. C. Stayt did not act for and in behalf of his wife in the acceptance of the lease; that she never signed the lease or agreed to its terms, and for that reason the community was not bound thereby; that at the time the lease was executed, the defendants as a community were in the lawful, peaceable, and quiet possession of the property as owners thereof, and at the time were disputing the ownership and rights of plaintiffs; that the lease was executed upon the express understanding that it should not affect the ownership or property rights of either party to it; that defendant Elizabeth M. Stayt refused to sign or enter into the lease, which fact was well known to the plaintiff Hugh Monroe. The case went to trial upon these issues, and resulted in a judgment in favor of the plaintiffs. Defendants have appealed.

The rulings of the trial court were based upon the theory that appellants were estopped to deny respondents' title. While many assignments of error are made, the determination of the case must rest upon the answer to the question whether the wife, who is a member of the community and who with her husband enters into possession of leased property, is bound by the act and agreement of her husband as evidenced by the paper writing. Appellants do not deny, but say that "where the husband leases property from a stranger and he and his wife enter into the possession of the property under the lease, the wife cannot dispute the title of the third party from whom possession was acquired, nor can the community dispute such title, for, in such cases, not only

the husband, but also the wife, and the community composed of husband and wife, have entered into the possession of the property under the lease, and in such cases the wife became the party privy to the lease, and is, therefore, equally bound with the husband.". The point is then made that, before the respondents can recover, they must show that the relation of landlord and tenant exists between them and appellants as a community; that such relation does not grow out of the occupancy or possession, but must exist as the result of a contract; that the wife not having entered into the written contract, the community is not bound, and therefore appellants have a right to set up their equitable defenses.

The case of *Shew v. Call*, 119 N. C. 450, 26 S. E. 33, 56 Am. St. 678, is relied on. There the husband rented property and paid rent to the owner. It was held, under the facts of the case, that the relation of landlord and tenant did not exist. Aside from the fact that it was an action to cancel a deed, and not controlling as an authority in this kind of a case, the law is settled in this state. In a case where the right to recover in an action of unlawful detainer was challenged upon the ground that there was no written lease or contract establishing the relation of landlord and tenant, it was held that an occupancy such as we have here created the relation. *Oregon & Washington R. Co. v. Vulcan Iron Works, ante* p. 372, 106 Pac. 1120. The court there said:

"All the essential elements of a tenancy would seem to exist, unless we sacrifice substance to a mere form; and while only a landlord may avail himself of the summary proceeding by unlawful detainer, the relation of landlord and tenant may exist or be created without an express contract."

Mrs. Stayt, having adopted and acted upon the contract of her husband, comes within the general rule and, like her husband, is estopped to deny the title of the landlord, and this irrespective of the fact that the community relationship existing between her husband and herself was not considered when the contract was entered into. Both appellants being

bound by the lease, their title, if they have any, cannot be tried out in this form of action. *Meyer v. Beyer,* 43 Wash. 368, 86 Pac. 661; *Carlson v. Curran,* 42 Wash. 647, 85 Pac. 627, 6 L. R. A. (N. S.) 260; *McGrew v. Lamb,* 31 Wash. 485, 72 Pac. 100; *Gore v. Altice,* 33 Wash. 335, 74 Pac. 556; *Chezum v. Campbell,* 42 Wash. 560, 85 Pac. 48; *Morris v. Healy Lumber Co.,* 33 Wash. 451, 74 Pac. 662; *Bond v. Chapman,* 34 Wash. 606, 76 Pac. 97; *Phillips v. Port Townsend Lodge, F. & A. M.,* 8 Wash. 529, 36 Pac. 476.

Neither did the court err in refusing to hear the testimony of a third party, to the effect that Mrs. Stayt had refused to sign the lease. Having occupied the premises under the contract of her husband, who was competent to contract in her behalf, it was immaterial whether she signed the lease or not.

We have not overlooked the contention that the husband could not bind the wife as a lessee under Rem. & Bal. Code, § 5918, wherein it is provided that the husband shall not sell, convey, or incumber the community real property unless the wife joins in the deed or instrument evidencing the conveyance or incumbrance. This section can have no possible application to this case. The promise to pay rent for demised premises is not an incumbrance of community real property.

The judgment is affirmed.

RUDKIN, C. J., GOSE, FULLERTON, and MORRIS, JJ., concur.