[No. 17668. Department One. March 22, 1923.]

JOHN B. LEE et al., Appellants, v. GERHARD WEERDA
et al., Respondents.[1]

LANDLORD AND TENANT (134)—UNLAWFUL DETAINER—NOTICE TO
QUIT—BREACH OF CONDITIONS OF LEASE—WASTE. In an action of un-
lawful detainer and to cancel the lease, the complaint charges ill-
husbandry and "violation of the terms of the lease," requiring a
ten days' notice to quit, under Rem. Comp. Stat., § 812, subd. 4,
rather than "waste" requiring only a three days' notice under Id.,
subd. 5, where it alleges violation of specific paragraphs of the
lease relating to the lessee's performance, neglect as to Canada
thistles and cultivation of fruit, and does not directly charge
waste.

FORCIBLE ENTRY AND DETAINER (1-1)—LANDLORD AND TENANT
(126, 131)—NATURE OF REMEDY—JURISDICTION. The title to personal
property cannot be determined in an action of unlawful detainer,
and the statute must be strictly complied with.

Appeal from a judgment of the superior court for
Snohomish county, Alston, J., entered September 12,
1922, upon sustaining a demurrer to the complaint, dis-
missing an action of unlawful detainer. Affirmed.

Vince H. Faben, for appellants.

M. H. Forde, for respondents.

MACKINTOSH, J.—Appellants, being the owners of a
farm situated in Snohomish county, leased the prop-
erty in May, 1922, to the respondents, the lease pro-
viding that the property was to be used as a dairy
and stock farm for the period of five years, the re-
spondents agreeing to keep the property in good repair,
to destroy all noxious weeds, pay the rent due, not to
assign the lease, to pay taxes, and do other things
generally provided in a lease of this kind. The lease
also called for the purchase by the respondents of over

[1] Reported in 213 Pac. 919.

$5,000 worth of personal property situated on the farm. On July 27, 1922, the appellants served upon the respondents a three-day notice to quit, under the forcible entry and detainer statute. The notice not being complied with, this action was commenced, based upon the notice, and a summons was issued returnable on September 26, 1922. The complaint alleged the execution of the lease, a copy of which was attached to the complaint and made a part of it. The complaint stated generally that the respondents were violating the provisions of sections 4, 5, 6 and 8 of the lease, which were the sections containing substantially all of the covenants on the part of the respondents to be performed by them, and more specifically set forth that the respondents had allowed Canada thistles to grow up on the premises; that they had neglected to cultivate growing fruit trees upon the lands; that they had destroyed two and one-half acres of berry bushes, and otherwise failed to properly cultivate. The prayer asked for the cancellation of the lease; that the contract for the purchase of the personal property be rescinded, and that all sums theretofore paid by the respondents on the purchase price be forfeited, and that the property be returned to the appellants.

On the return day the respondents appeared and filed a motion to strike certain portions of the complaint. On August 28 the appellants moved for a default upon the ground that, under the statute, the respondents on their appearance either had to answer or demur, and, not having done so, they were in default. This was denied, and a demurrer having been sustained to the complaint, this appeal was taken.

It is first urged that the court was in error in refusing to grant default judgment in favor of the appellants. The record discloses that the court treated,

without objection from the appellants, the respondents' motion to strike as a demurrer, and with the record in this condition it is unnecessary for us to determine whether, under § 823, Rem. Comp. Stat., a defendant in an action under the forcible entry and detainer statute may interpose motions directed to the complaint, or whether his appearance must be accompanied by either an answer or demurrer and no other pleading is allowed him.

The next and principal assignment of error is that the court was incorrect in sustaining the demurrer to the complaint, it being the contention of the appellants that, under § 812, subd. 5, Rem. Comp. Stat., a three-day notice to quit was proper, that section providing that:

"When he commits or permits waste upon the demised premises, or when he sets up or carries on therein or thereon any unlawful business, or when he erects, suffers, permits, or maintains on or about said premises any nuisance, and remains in possession after service (in manner in this act provided) of three days' notice to quit upon him."

It is the claim of the respondents that they were entitled to ten days' notice to quit, under subd. 4, § 812, Rem. Comp. Stat., which reads as follows:

"When he continues in possession in person or by subtenant after a neglect or failure to keep or perform any other condition or covenant of the lease or agreement under which the property is held, including any covenant not to assign or sublet, than one for the payment of rent, and after notice in writing requiring . . . . in the alternative the performance of such condition or covenant or the surrender of the property, served (in the manner provided in this act) upon him, and if there be a subtenant in actual possession of the premises, also upon such subtenant, shall remain uncomplied with for ten days after service thereof, within ten days after the service of such notice the tenant,

or any subtenant in actual occupation of the premises, or any mortgagee of the term, or other person interested in its continuance, may perform such condition or covenant and thereby save the lease from such forfeiture; . . . . ."

The complaint contains no direct allegation of waste, but directly charges that the respondents had "violated the terms and conditions of said lease." As we view it, the most that is charged in the complaint is ill-husbandry, and this does not, under the law, constitute waste, for, as we said in *Byrkett v. Gardner*, 35 Wash. 668, 77 Pac. 1048.

"Such a notice does not show waste, within subd. 5, of the same section, by the mere failure to farm the lands in a husband-like manner or keep fences in repair, since waste is an act of destruction by the tenant." [Syllabus.]

The following quotations from R. C. L. and Cyc. bear upon this question:

"Both in England and in this country it has been held that permitting the growth of noxious weeds on a farm is not evidence of waste, but, only of ill-husbandry, and it is not waste at common law to fail to cultivate the land, nor to dig the drains in a meadow. There is, however, authority to the effect that allowing a farm to grow to weeds and to lie untilled is waste." 27 R. C. L. 1016.

"The term 'waste' is not an arbitrary one, to be applied inflexibly, without regard to the quality of the estate, the nature or species of the property, or the relation to it of the person charged to have committed the wrong; but the question as to whether it has been committed in a given case is to be determined in view of the situation of the property, and the particular facts and circumstances appearing in that case, and by the conditions which exist at the time the act is committed." 40 Cyc. 501.

"The spread of noxious weeds from natural causes, or by the action of cattle depasturing or eating hay or

straw coming from the fields where the weeds were, and the failure to stop the growth thereof, is no evidence of waste, but only of ill-husbandry; and the fact that there is a statute for the prevention of the spread of noxious weeds does not make any difference." 40 Cyc. 503; note.

The complaint is also vulnerable from the point that it seeks to determine the title of the personal property. This is not permissible in an action under the forcible entry and detainer statute. *Monroe v. Stayt,* 57 Wash. 592, 107 Pac. 517; *Decker v. Verloop,* 73 Wash. 10, 131 Pac. 190; *Allen v. Migliavacca Realty Co.,* 74 Wash. 347, 133 Pac. 580.

The forcible entry and detainer statute is a special act and for it to be available to a plaintiff he must show a strict compliance with its requirements. *Smith v. Seattle Camp No. 69, W. O. W.,* 57 Wash. 556, 107 Pac. 372; *Big Bend Lum. Co. v. Huston,* 98 Wash. 640, 168 Pac. 470. This not having been done, the demurrer to the complaint was properly sustained. Judgment affirmed.

MAIN, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.