[No. 18222. Department Two. December 13, 1923.]

NICK BABARE, *Appellant*, v. FELIX RODMAN, *Respondent*.[1]

REPLEVIN (34, 36)—DAMAGES—VALUE OF PROPERTY—EVIDENCE—SUFFICIENCY. In replevin, a judgment fixing the value of a fishing net at $1,500 is sustained where plaintiff's affidavit fixed the value at $750, his direct testimony fixed it at $900, it was admitted that it cost $2,500, and it was taken at the beginning of the fishing season when such nets were in demand.

SAME (34, 36)—DAMAGES—MEASURE—VALUE OF USE—EVIDENCE—SUFFICIENCY. A judgment in replevin for $1,000 damages for the detention of a fishing net, taken at the beginning of the fishing season, is sustained where there was evidence that the boats made from $950 to $1,000 that season.

FULLERTON, J., dissents.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered June 5, 1923, upon findings in favor of the defendant, in an action in replevin, tried to the court. Affirmed.

*Lyle, Henderson & Carnahan (T. L. Stiles, of counsel), for appellant.*

*Remann & Gordon, for respondent.*

PEMBERTON, J.—This is an action in replevin to recover a fish seine alleged to have been unlawfully taken from the possession of respondent. The sheriff took possession of the property on the 23d day of May, 1922,

[1]Reported in 221 Pac. 292.

and in a few days thereafter delivered the same to appellant. The trial was had on the 5th day of June, 1923. The court entered judgment for the return of the seine or for its value, fixed at $1,500, and damages for the detention in the amount of $1,000.

Appellant admits that the respondent is entitled to the net or to its value, but contends that the value is far less than $1,500. In the affidavit of appellant for the purpose of obtaining the writ of replevin, the actual value is fixed at $750. In his direct examination he fixes the value as high as $900. It was admitted that this net cost $2,500, and considering that the net was taken away from respondent at a time when such a net was in demand at the beginning of the fishing season, we are satisfied that the value placed on the net by the trial court cannot be held excessive.

It is next contended that appellant took from the respondent the web of the net only, and that there was no testimony as to the value of the use of a web separate and apart from the other portions of a completed net; that the rule is the market price of the use of such property and not a speculative value that limits the damages for its detention. Frank Berry, a witness for respondent, when asked the value of the use of a net of this character for the year 1922, said:

"Well, from my experience I found out what was there all the time, and the money the fisherman make, and I know almost every boat the amount of money that was made with those boats in 1922, as I do most every year. That year the boats made—I think about the lowest boats were paid $400 to $450 and they made as high as $950 and $1,000. I should say the fair value for the use of that net would have been between $500 and $600 a share. It is customary to allow the net two shares; it will bring twice that amount."

This was also the testimony of respondent. The amount fixed by these witnesses is in excess of the amount allowed by the court.

To the contention that this testimony of the value of the use of the net refers to a completed net while this suit concerns the web only, it must be conceded that by taking the web the remaining portion of the net was rendered useless for fishing purposes and respondent was damaged, so far as the use of the net is concerned, to the same extent as if the whole net had been taken. The loss of the use is the proper element of damages in fishing enterprises. *Florence Fish Co. v. Everett Packing Co.*, 111 Wash. 1, 188 Pac. 792; *State ex rel. Luketa v. Jurey*, 108 Wash. 44, 182 Pac. 932; *American Packing Co. v. Luketa*, 115 Wash. 1, 196 Pac. 1; *American Packing Co. v. Luketa*, 120 Wash. 278, 206 Pac. 965.

The judgment of the trial court will be affirmed.

MAIN, C. J., MITCHELL, and BRIDGES, JJ., concur.

FULLERTON, J. (dissenting)—I am unable to agree with the conclusion of the majority. I am of the opinion that the respondent is not entitled to recover the value of the net and also the value of its use during the fishing season subsequent to its taking. Aside from the highly speculative nature of the testimony on which the value of the use was predicated, this was not a case where such value was recoverable. It was the respondent's duty to mitigate his damages. Fishing nets are things in common use. They are for sale in all of the principal marts of trade. The respondent need not, therefore, have been deprived of the right to fish during the season of which he complains, and he should not recover loss of profits as a measure of its use for that season. The error will be more apparent when it is remembered that the respondent could have maintained his action at any time within three years.

On the theory of the majority, he could have as well recovered for three fishing seasons as one, and on the measure of damages allowed, his damages could exceed many times the value of the net.

The cases cited in support of the conclusion of the majority I shall not review. As I read them, they fall far short of supporting the conclusion reached.

The judgment entered should at least be modified.