[No. 18222.  *En Banc.*  June 30, 1924.]

## NICK BABARE, *Appellant,* v. FELIX RODMAN, *Respondent.*[1]

REPLEVIN (34, 36)—DAMAGES—VALUE OF PROPERTY—EVIDENCE—SUFFICIENCY. In replevin for a seine, the plaintiff could not recover for its value in any sum in excess of his own undisputed evidence as to such value.

SAME (34, 36)—DAMAGES—MEASURE—VALUE OF USE—EVIDENCE—SUFFICIENCY. In replevin for a seine, where the reasonable value of its use was a speculative figure based upon general results of the 1922 fishing season, plaintiff could recover only nominal damages therefor.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered June 5, 1923, upon findings in favor of the defendant, in an action in replevin, tried to the court. Modified.

*Lyle, Henderson & Carnahan (T. L. Stiles,* of counsel), for appellant.

*Remann & Gordon,* for respondent.

### ON REHEARING.

PER CURIAM.—The judgment in this case consists of two parts: first, the court ordered the return to the respondent of a fish seine, or, in lieu thereof, the payment to the respondent of the seine's value, fixed at $1,500; second, the payment to the respondent of $1,000, being the reasonable value of the use of the seine for the period of its detention.

A re-examination by the court *En Banc* is convincing that the prior decision of the department (*Babare v. Rodman,* 127 Wash. 436, 221 Pac. 292), in affirming the judgment must be modified.

(1) On the question of the value of the seine, there was no testimony produced by the respondent and the

[1]Reported in 226 Pac. 1015.

only evidence was that of the appellant himself, which was undisputed, that the seine was worth as much as $800 or $900. Giving the respondent the benefit of the largest amount to which he could be entitled under the record, the first portion of the judgment must be reduced to $900.

(2) The testimony as to the reasonable value of the use of the seine while the appellant detained it is found in a speculative figure based upon general results of the 1922 fishing season. Such evidence may be considered, but does not form the proper basis for computing the damages, which must be "the loss of the use." There was no testimony on this measure and the appellant is therefore entitled to no more than nominal damages of $1.

The case of *Florence Fish Co. v. Everett Packing Co.*, 111 Wash. 1, 188 Pac. 792, does not establish any rule other than the one here adhered to. In that case the question was not as to "the value of the use," but the amount of the loss of profits flowing from a breach of contract. The two rules are not alike and apply to entirely different situations.

The judgment will be modified according to the views hereinabove expressed.