[No. 19489. Department Two. November 20, 1925.]

ABNER HAGER, *Appellant*, v. PHIL PARCHER *et al.*, *Respondents.*[1]

FORCIBLE ENTRY AND DETAINER (10, 11)—EVIDENCE—POSSESSION AND TITLE—SUFFICIENCY. Findings that plaintiff in forcible detainer was not in peaceable possession of the premises, are sustained, where the leasing agent put up a "For rent" sign, judging from appearances and failure to pay rent that the premises had been vacated, and rented the place to defendants; that for several months no one had been seen about the place, which presented no appearance of present occupancy at the time defendants took possession by authority of the agent.

SAME (9)—ISSUES AND PROOF—TRIAL OF TITLE TO PERSONALTY. The title to or conversion of personal property cannot be litigated in an action of unlawful detainer.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered March 30, 1925, upon

[1]Reported in 240 Pac. 924.

findings in favor of the defendants, in an action of forcible entry and detainer, tried on the merits to the court. Affirmed.

*P. L. Pendleton,* for appellant.

*Harmon & Keyes,* for respondents.

PARKER, J.—This is a forcible detainer action in which the plaintiff, Hager, seeks recovery of possession of a small summer camp premises, situated in Pierce county. A trial upon the merits in the superior court for that county, sitting without a jury, resulted in findings and judgment denying to the plaintiff the relief prayed for, from which he has appealed to this court.

Hager rests his claim of recovery upon the following provisions of our forcible entry and detainer statute:

"Every person is guilty of a forcible detainer . . .
"2. Who in the night-time, or during the absence of the occupant of any real property [unlawfully] enters thereon, and who, after demand made for the surrender thereof, refuses for the period of three days to surrender the same to such former occupant. The occupant of real property within the meaning of this subdivision is one who, for the five days next preceding such unlawful entry, was in the peaceable and undisturbed possession of such real property." Rem. Comp. Stat., § 811.

The trial court found that Hager was not in peaceable possession of the premises on July 23, 1924, at the time Parcher went into possession thereof, nor at any time within five days next preceding that date. The principal and only question here presented, worthy of serious consideration, is as to whether or not the trial court erred, as claimed by counsel for Hager, in making this finding; it being claimed in behalf of Hager that he was in peaceable possession on that date, but was then only temporarily absent from the premises.

The respective claims of possession made by Hager and Parcher are as tenants of the owner of the premises. It appears that the defendant Thompson is and has been for a number of years the renting agent of the premises, he letting the premises and collecting the rent for each year in one sum. Hager claims to have become the successor in interest of the tenant who had possession during the year 1923. Parcher occupies premises immediately adjoining.

A few days prior to July 23, 1924, Thompson came to the premises, and, considering the place as having been vacated, evidently judging by its appearance and also by the fact that no one had paid or offered to pay rent for the year 1924, put up a ''For Rent'' sign on the premises. Parcher, seeing this sign and thereby being advised that the premises were for rent, went to Thompson's office in Tacoma and rented the place, paying rent therefor in full for the year 1924, that is, up until January, 1925.

Parcher then, on the same day, July 23, 1924, by direction of Thompson, entered into possession of the premises. In doing so, he had but to walk in through the closed but unlocked door. He and his wife found a small amount of old furniture and a few other things in the house; the place, however, not presenting any such appearance as indicated present occupancy of the place by anyone. Their testimony is to the effect that they had not seen anyone around the place for some two months prior thereto, though they lived within a few feet thereof. There is testimony, however, by Hager and his wife, in substance, to the effect that they had been occupying the place and were then really occupying it, though temporarily absent therefrom. This being the condition of the record before us, we are not able to see our way clear to disturb the finding and conclusion of the trial court as above indicated.

Counsel for Hager make some effort to draw into this case a claim of conversion of his personal property on the premises, with a view of recovering damages therefor from Parcher and Thompson. In view of the fact that this is an unlawful detainer action, the question of title to or conversion of the personal property cannot be litigated therein, as held by us in *Lee v. Weerda,* 124 Wash. 168, 213 Pac. 919, and our prior decisions of the same import. Besides, the evidence seems to us to clearly negative any conversion of any of Hager's personal property which may have been on the premises. The trial court received the evidence offered upon this subject, but manifestly only to the end that it be in the record for consideration in the event this court should consider the question of damages for conversion of the personal property determinable in this case.

The judgment is affirmed.

TOLMAN, C. J., MACKINTOSH, MAIN and MITCHELL, JJ., concur.