[No. 22072. Department Two. March 3, 1930.]

PROVIDENT MUTUAL LIFE INSURANCE COMPANY OF PHIL-ADELPHIA, *Respondent,* v. ROSE B. THROWER, *Appellant.*[1]

*H. W. Lueders,* for appellant.

*E. R. York,* for respondent.

HOLCOMB, J.—On May 9, 1927, appellant came into possession, under a conditional sale contract from the

[1]Reported in 285 Pac. 654.

previous owner, of the furniture and furnishings of a rooming house known as the Victory Apartments on the second and third floors of 901½, 903½ and 905½ South G street in Tacoma, and thereafter began operation of the same as a lodging house. She continued to operate the lodging house as the Victory Apartments until this action was commenced. She attempted to plead and show an agreement, after the beginning of her occupancy of the premises, with one Frank Thrower, her former husband, whereby she assigned a one-half interest in the rooming house, furniture and furnishings to him.

She, herself, secured the premises by calling upon Gerald Longstreth, who was the loan and rental agent of respondent, and thereafter made partial payments of the rent to Longstreth. She made seventeen payments, and, in every instance, except the first two, received a receipt for the rent paid on a blank form bearing the printed name on the margin, "Provident Mutual Life Insurance Company of Philadelphia." After paying three partial payments, in June, 1928, she called upon Longstreth, as agent for the property, and requested repairs to be made and a reduction of the rents. Longstreth then informed her that the owner of the premises lived in the east and that he would have to write to it for permission. Longstreth testified that appellant went into possession of the premises under an agreed rental of $100 per month. She testified to the contrary.

On December 31, 1928, Longstreth served a notice upon appellant claiming $430 balance due on rent, and further notified her that, unless payment was made of that sum or the premises surrendered within three days after the service of the notice upon her, he would proceed against her under the laws of the state. As

the notice served is a critical matter on this appeal, it will be set out in full. It reads:

"To: Mrs. Rose B. Thrower

"You are hereby notified that you are required to pay to me the sum of $430, now past due from you for rent at the rate of $100 per month, in advance, for the premises now occupied by you, situate in the city of Tacoma, state of Washington, to wit:

Rooming House at 901½ So. G street

or in default of said rent as herein required you shall surrender said premises to me.

"You are further notified that unless you make payment of said sum or surrender said premises as aforesaid within three days after date of service upon you, exclusive of day of service, I shall proceed against you as authorized under the laws of this state.

"And you are further notified that I or my agents will not be responsible for any damage that may occur, from the water, light and gas being shut off on account of non-payment of rent.

"Dated December 31, 1928

"Tacoma, Washington.        Gerald Longstreth."

This notice is on the letterhead of the Provident Mutual Life Insurance Company of Philadelphia, and bore on the upper left-hand corner the words "Gerald Longstreth, Special Loan Agent, Provident Building."

It will be observed also that the premises were described simply as the rooming house at 901½ South G street.

The trial court held the notice sufficient under our unlawful detainer statute and decisions, and also instructed the jury that there must be a contract, *express or implied*, by which one is let into possession.

The jury found respondent entitled to possession of the property and that there was $265 rent due. Upon motions being made by appellant for judgment n. o. v or for a new trial, the court sustained the motion for a new trial unless respondent waived the $265 awarded

for rent due. Respondent waived the judgment for rent and took judgment for restitution of the premises at 901½, 903½ and 905½ South G street and for costs.

The rejection of the affirmative defense and evidence thereunder as to the assignment of a half interest in the furniture and furnishings to Frank Thrower by the trial court was correct. In an unlawful detainer action, it is not permissible to try or determine the title or right of possession of personal property. *Monroe v. Stayt,* 57 Wash. 592, 107 Pac. 517, 30 L. R. A. (N. S.) 1102; *Lee v. Weerda,* 124 Wash. 168, 213 Pac. 919; *Hager v. Parcher,* 136 Wash. 518, 240 Pac. 924.

A tenancy from month to month was well established in this case by the testimony for respondent, corroborated by the payment of rent by appellant to respondent. Whether or not it was expressly agreed to pay a stipulated sum is another question, and that was resolved in her favor by the jury to the effect that there was not. All the essential elements of a tenancy exist, however, and it may be shown to exist either by implied or express contract. *Oregon & Wash. R. Co. v. Vulcan Iron Works,* 57 Wash. 372, 106 Pac. 1120; *Monroe v. Stayt, supra.*

Since tenancy from month to month was shown to exist, it can be terminated by the statutory notice before the end of any month. *Watkins v. Balch,* 41 Wash. 310, 83 Pac. 321, 3 L. R. A. (N. S.) 852; *Oregon & Wash. R. Co. v. Vulcan Iron Works, supra.*

If there was no meeting of minds upon the rent to be paid per month, respondent is entitled to recover upon a *quantum meruit. Williamson v. Hallett,* 108 Wash. 176, 182 Pac. 940; Rem. Comp. Stat., § 10621.

The chief contention of appellant is that the notice to vacate was insufficient in description of the

premises and the signature. Rem. Comp. Stat., § 812, simply provides that a notice in writing, requiring, in the alternative, the payment of the rent or the surrender of the detained premises, be served (in manner provided) on behalf of the person entitled to the rent upon the person owing the same.

For more than ten years, the premises described in the notice have been occupied as one unit as a lodging house, and were so occupied by appellant. The main entrance to the lodging house was at 901½ South G street. Appellant did not attempt to show that she was in any manner misled or deceived by the language of the notice as to the premises referred to as occupied by her. She also knew that the owner was a non-resident and that Longstreth was its agent. The notice was upon the letterhead of respondent, as had been nearly all of the receipts she had received for rent.

As to the form and contents of the notice or demand, a substantial compliance with the statute is sufficient. It is only necessary that the description should be sufficient to identify the premises. 26 C. J. 838; *Mc-Lennan v. Grant*, 8 Wash. 603, 36 Pac. 682; *Newman v. Worthen*, 57 Wash. 467, 107 Pac. 188; *Wilson v. Barnes*, 134 Wash. 108, 234 Pac. 1029.

Although the signature should have been that of respondent by its agent, appellant had dealt with Longstreth as the agent of respondent throughout her tenancy. She knew that Longstreth was not the owner but was the agent for the owner. The material thing is the giving of the notice. *Bond v. Chapman*, 34 Wash. 606, 76 Pac. 97.

Certain other errors are claimed by appellant which have been examined and found to be without merit. Since the decisive matters to be determined are the questions of whether there was a tenancy created by

appellant and whether the notice to vacate the premises was legally sufficient in the description of the premises and signature by the agent of the owner, we consider all other matters unimportant.

The judgment is therefore affirmed.

MITCHELL, C. J., MAIN, and FRENCH, JJ., concur.