[No. 24425. Department Two. July 24, 1933.]

ANNA S. MEYERS, *Respondent,* v. KATHERINE WALKER *et al., Appellants.*[1]

¹Reported in 24 P. (2d) 97.

*Rigg, Brown & Halverson,* for appellants.

*Snively & Bounds* and *Robert J. Willis,* for respondent.

Blake, J.—This case is the outgrowth of a former action, wherein Mrs. Walker was plaintiff and Mrs. Myers and her husband, Harry Myers, were defendants. *Walker v. Myers,* 166 Wash. 392, 7 P. (2d) 21. To get an understanding of the issues in this case, it is necessary to state the issues and result of the former case.

For some years prior to October 18, 1930, Mrs. Myers conducted a hospital in premises in Yakima owned by Mrs. Walker, from whom she rented on month to month tenancy. On the date mentioned, Mrs. Walker commenced an action in unlawful detainer against Harry Myers and Anna S. Myers, the plaintiff here, wherein she sought restitution of the premises and a money judgment in double the amount of the rent due. The Myers answered by way of general denial, and alleged affirmatively that the indebtedness for rent was not a community obligation but the separate obligation of Anna S. Myers.

At the time of commencing the action, Mrs. Walker sued out a writ of attachment, which the sheriff levied on an automobile and the furniture and equipment

used by Mrs. Myers in the hospital. At the time of making the levy, the sheriff took a keeper's receipt from Mrs. Myers, and she remained in possession of the premises until October 24, 1930. On that day, the sheriff put Mrs. Walker in possession of the real property under a writ of restitution, and also turned the attached property over to her as keeper—taking from her a keeper's receipt.

The unlawful detainer case went to trial, and judgment was entered for restitution of the real property to Mrs. Walker and for $1,592, which the court found to be double the amount of rent due. The judgment also directed the sale of the attached property and the proceeds therefrom applied on the amount awarded Mrs. Walker. This judgment was against the community composed of Harry Myers and Anna S. Myers only, and not against Anna S. Myers individually.

Prior to the sale of the attached property on execution, Mrs. Myers notified the sheriff and Mrs. Walker that the property attached was her separate property, and not subject to sale under execution issued on a community judgment. Nevertheless, the sheriff proceeded with the sale, and Mrs. Walker bid in the hospital furnishings and equipment. The automobile was bid in by someone else, and the amount realized was applied on the judgment. Mrs. Walker sold the hospital furniture and equipment subsequent to the execution sale.

In her complaint in the present case, Mrs. Myers sets up two causes of action. In form and substance, the first cause of action is in replevin. She alleges that the property attached in the former action was her separate property and not subject to sale under execution issued on a community judgment. She prays that the property be restored to her, and in case the property cannot be restored, for a money judgment in

the amount of its value and damages on account of detention. In the second cause of action, she alleges that Mrs. Walker used the attached property after she was put in possession of it on October 24th until it was sold on execution. On this cause of action, she prays judgment for the rental value of the attached property for that period. The case was tried to a jury, which returned a verdict in favor of the plaintiff in the sum of $1,230 on the first cause of action, and three hundred dollars on the second. From the judgment entered on this verdict, defendants appeal.

■ It is contended by appellants that the judgment in the former action is *res judicata* on the question of the character of the attached property; that its community character was there established. We do not so understand the issue or result of that action. The character of the indebtedness was determined to be a community obligation; the character of the attached property was not put in issue, nor was its character determined. Indeed, it could not be determined in an action for unlawful detainer. *Lee v. Weerda,* 124 Wash. 168, 213 Pac. 919; *Hager v. Parcher,* 136 Wash. 518, 240 Pac. 924; *Provident Mutual Life Ins. Co. v. Thrower,* 155 Wash. 613, 285 Pac. 654.

■ It is also contended by appellants that respondent did not make a case for the jury on the question of the separate character of the attached property. The evidence submitted by respondent on this issue was to the effect that, in 1919, she and her husband made an agreement that each should thereafter retain their respective earnings as separate property; that such agreement had been carried out, respondent keeping a separate bank account; that the attached property was bought with her own earnings; that her husband did not share in the profits of the hospital; that he did nothing in connection with its operation, except

a few odd chores from time to time; that, as a part of their agreement to keep their business affairs separate, her husband agreed to pay her for his board, which he did as he was able.

The position taken by respondent in this case is somewhat inconsistent with the position taken by her in the former case, wherein she claimed the indebtedness was not a community, but her separate, obligation. This, however, is a matter which affects the credibility of her testimony in this case, but does not detract from the sufficiency of the evidence to make a case for the jury. We think the question of the character of the property—separate or community—was for the jury. *Yake v. Pugh*, 13 Wash. 78, 42 Pac. 528, 52 Am. St. 17; *Dobbins v. Dexter Horton & Co.*, 62 Wash. 423, 113 Pac. 1088; *Gage v. Gage*, 78 Wash. 262, 138 Pac. 886; *Union Securities Co. v. Smith*, 93 Wash. 115, 160 Pac. 304, Ann. Cas. 1918E, 710.

██ Appellants seasonably interposed a motion to require the respondent to elect to stand on one or the other of the two causes of action set up in the complaint. We think this motion should have been granted. It seems clear to us that the damages sought to be recovered in the second cause of action were a duplication of the damages sought, and presumably recovered, on the first. Under the first cause of action, respondent was entitled either to the return of the property and damages for its detention, or for its value and damages for detention. In either case, the damages for detention include the depreciation in the value of the property and the value of the use of the property to the owner. 34 Cyc. 1564; 54 C. J. (Replevin), §§ 369, 372, 375, 377, 380, 381; *Babare v. Rodman*, 127 Wash. 436, 221 Pac. 292; *Smith, Inc., v. Pilgrim*, 117 Cal. App. 244, 3 P. (2d) 573; *Mitchelson v. Commercial Investment Trust*, 97 Okla. 98, 222 Pac.

663. Evidence of rental value may be competent as evidence of the usable value of the property, but damages are not recoverable by way of rent as such by reason of the use of the property by the wrongdoer.

██ The court instructed the jury that, if the sheriff surrendered possession of the property to Mrs. Walker, the lien of the attachment would be thereby lost, and that the withholding of the property was thereafter wrongful. This instruction is erroneous. The instruction is based, doubtless, on the case of *Davis v. Blackwell & Co.,* 162 Wash. 415, 298 Pac. 730. There is language used in that case broad enough to justify the instruction here under discussion. But the language should be read in the light of the facts under consideration. In that case, a constable, in a suit by Blackwell & Co. against the owner of an automobile, had levied on the car and left it in possession of the owner without taking a keeper's receipt. The owner thereafter sold the automobile to Davis. The controversy was, therefore, between the attaching creditor and one claiming to be a purchaser for value of the attached property. As between them, the court held the lien of the attachment lost.

That is the rule of the decisions cited in support of the holding. Those decisions, however, recognize the rule, supported by the weight of authority, that the lien of the attachment is unimpaired, as between the parties, if the attaching officer appoints either the debtor or creditor as keeper of the attached property and takes a keeper's receipt therefor. *Stewart v. Stewart Drug Co.,* 117 Me. 84, 102 Atl. 823; *Gallun v. Weil,* 116 Wis. 236, 92 N. W. 1091; *Utley v. Smith,* 7 Vt. 154, 29 Am. Dec. 152; *Stannard v. Tillotson,* 88 Vt. 1, 90 Atl. 950; *Jolley v. Dunlop,* 34 S. D. 213, 147 N. W. 980; *Davidhizar v. Elgin Forwarding Co.,* 89 Ore. 89, 173 Pac. 893; *First Natl. Bank of Baltimore v. Corpo-*

598

*ration Commission,* 161 Md. 508, 157 Atl. 748; Freeman on Executions (3d Ed.), § 261. In such cases the pos- session of the keeper is deemed to be the possession of the attaching officer.

In this case, the sheriff first placed the property in custody of Mrs. Myer, as keeper, taking a receipt for the property from her as such. Later, he placed the property in custody of Mrs. Walker, as keeper, taking a similar receipt from her. In neither instance was the lien of the attachment lost.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with the views here set out.

BEALS, C. J., TOLMAN, STEINERT, and MAIN, JJ., concur.

