[No. 16646.   Department One.   November 19, 1921.]

LYDIA A. GUILL et al., Respondents, v. K. ENOMOTO et al., Appellants.[1]

LANDLORD AND TENANT (139)—UNLAWFUL DETAINER—ACTIONS—PARTIES DEFENDANT. In an action by a landlord against the assignee of his tenant to compel him to vacate the premises, based on his commission of waste and on the maintenance of a nuisance thereon, the lessee of the premises is not a necessary party defendant.

SAME (129)—DEFENSES—POSSESSION AS AGENT OF LESSEE—POWER OF ATTORNEY—EVIDENCE—SUFFICIENCY. Where the owner of premises let to a Japanese refused to permit him to sublet the land to other Japanese on his departure for Japan, his placing a Japanese in possession under a general power of attorney was merely an attempt to circumvent the terms of the lease, which prohibited the leasing to, or occupancy ·by, any other person except by the written approbation of the lessor first obtained.

· Appeal from a judgment of the superior court for Pierce county, Card, J., entered March 30, 1921, in favor of the plaintiffs, in an action of unlawful detainer, tried to the court.   Affirmed.

*J. H. Gordon* and *U. E. Harmon,* for appellants.

*A. R. Titlow,* for respondents.

MITCHELL, J.—This action was commenced on February 28, 1921, by Mrs. Guill and her husband, to recover from the defendants the possession of eight acres of land in Pierce county, and damages for waste committed thereon.   The property is the separate estate of Mrs. Guill.   The cause of action was that the occupancy of the premises was unlawful and without authority, that defendants had committed waste and engaged in the manufacture and disposal of intoxicating liquor on the premises to such an extent as to become

[1]Reported in 201 Pac. 910.

a nuisance in the neighborhood, and that written no-
tice had been served upon the defendants to quit the
premises. By their answer the defendants admitted
the alleged ownership of the lands, admitted they oc-
cupied the premises, and that written notice to quit
had been served upon them. They denied other ma-
terial allegations of the complaint, and affirmatively
alleged that the defendant K. Enomoto was lawfully
in possession of the premises as the agent of one S.
Yashiki, under an unexpired lease, and that the other
defendants were upon the premises by employment
for the purpose of assisting in the growing of berries
and vegetables to which the premises were devoted.
There was a general denial of the affirmative matter
in the answer.

Upon the trial without a jury, in March, 1921, the
court made findings and conclusions that the posses-
sion of the premises by the defendants was unlawful,
that they had committed waste which, together with
reasonable compensation for their occupancy of the
premises, amounted to the sum of $200, and that they
had committed nuisance on the premises. Judgment
was entered in favor of the plaintiff for $200, that de-
fendants vacate the premises, and that, upon the fail-
ure or refusal of the defendants to quit possession, a
writ of restitution issue to dispossess them. The de-
fendants have appealed.

The testimony shows that Mrs. Guill had given to
one S. Yashiki a written lease to the premises for the
term of six years from January 1, 1918, at a rental for
all but the first year of $125, payable on March 1, and
$125 payable on October 1 of each year, that the lessee
had gone into and continued possession until Septem-
ber, 1920, at which time he went to Japan, from whence
he has not returned. The testimony, though conflict-

ing, satisfies us, as the trial court found, that, upon going to Japan, it was the purpose of S. Yashiki, the lessee, not to return. At that time he had paid rent to January 1, 1921.

Because of the unexpired term, and because of the power of attorney from the lessee to the appellant Enomoto, of which we shall later speak, it is claimed as a first assignment of error that "the court has no jurisdiction in this case for the reason that Yashiki, the lessee, is not a party to the action." Disposing of this assignment, it is enough to notice that no relief was sought, nor has any been given, against the lessee. Both the complaint and the judgment, by their terms, run only against the defendants. It was they and not the lessee who actually occupied the land at the commencement of the action. It was they who committed the waste and who were shown to have caused and maintained a nuisance on the premises.

The remaining assignments of error relate to the findings and conclusions made by the trial court, and its refusal to sign and enter those proposed by the appellants. Upon the subject of waste and nuisance and unlawful possession of appellants, we reach the same conclusions that the trial court did. Concerning the right of the appellants to occupy the premises, reliance is had by them upon a power of attorney claimed to have been executed by S. Yashiki to K. Enomoto under a date just prior to his going to Japan. The evidence shows the premises were let to Yashiki at less than a reasonable money rental because of his personal fitness to cultivate and keep up the place. It is undisputed that, just before leaving for Japan, the lessee, saying he was going to Japan to remain indefinitely, asked and was refused leave to sublet the lands to other Japanese, and then offered to sell out to the

owner the unexpired portion of the term for $3,000, saying it could be rented to others of his countrymen at a profit over that price, and that the offer was declined. The owner was absent some months thereafter, and upon her return, found appellant Enomoto and other Japanese in possession. He asked Mrs. Guill to sublet the premises to him. She refused to do so. Still later he tried, without success, to lease the premises, offering $600, and finally $1,000 per year rental. Afterwards Enomoto mailed to her, and still later to her husband, his personal check in the sum of $125 to pay six months' rent. In each instance the check was returned to the maker. Thereafter notice to quit was served and this action commenced. During all his negotiations with the respondents, or either of them, Enomoto never referred to any power of attorney from Yashiki or that he claimed any rights thereunder. The existence of that instrument seems to have been reserved by him for the purposes of his pleading and proof, by which he contends that the original lessee is still in possession through him as agent. The power of attorney, executed in Seattle, unlimited as to time, unconfined as to territory and unrecorded, specifically enumerates a large number of things that may be done in the name of, and for the use and benefit of, the maker. It is silent, however, as to any authority to operate the berry garden or other kind of similar business. The nearest approach to any such authority is in the words "and to make, do and transact all and every kind of business of whatsoever nature and kind," immediately following the enumeration of a large number of other things altogether different from the pursuit to which these lands were devoted. These facts, with others that need not be detailed that are shown by the record, satisfy us that the power of at-

torney and the attempt to make it applicable here are nothing but subterfuge. It is an attempt to circumvent the terms of the lease whereby the lessee agreed, among other things, not to "lease or underlet, or permit any other person or persons to occupy any portion thereof, . . . but with the approbation of the lessor thereto in writing having been first obtained."

Being satisfied from the record that the appellants were in possession of the premises without any lawful authority, that they had committed and maintained a nuisance thereon as alleged in the complaint, and that the amount of damages allowed by the trial court because of waste committed, together with the value of the occupancy of the premises by the appellants, is correct, the judgment is affirmed.

PARKER, C. J., FULLERTON, TOLMAN, and MACKINTOSH, JJ., concur.