[No. 22263. Department Two. May 20, 1930.]

GEORGE J. ERZ, *Appellant,* v. LUE REESE, *Respondent.*[1]

*Lester Whitmore* and *Abrams, Healy & McCush,* for appellant.

*C. A. Swartz,* for respondent.

HOLCOMB, J.—This action was instituted under our unlawful detainer statutes (Rem. Comp. Stat., §§ 812 *et seq.*) to recover possession of certain property known as the Antlers Hotel in Bellingham.

[1]Reported in 288 Pac. 255.

Appellant alleged that respondent was a subtenant from month to month at the monthly rental of $200; that respondent had defaulted in the payment of rent for a portion of September, all of October, November and December, 1928, and January, 1929, in the total sum of $815; that he was entitled to collect the rents from respondent; that notice of unlawful detainer was given on January 15, 1929, which notice was as follows:

"You are hereby notified that you are in default in the payment of rent, which matured and became payable upon the first day of several months last past, and particularly of the rent which matured and became payable upon the first day of December, 1928, and the first day of January, 1929, the total of which defaulted rental now aggregates a little over the sum of eight hundred dollars ($800); upon your month to month tenancy as a subtenant of . . . Antlers Hotel property. . . .

"You are further notified that demand is now made upon you for the payment of said defaulted rental, and the whole thereof; or the surrender of the aforesaid premises to the undersigned, the person entitled to collect and receive the said rent money. This notice is given pursuant to section 812 (3) of Remington's Compiled Statutes of Washington."

Appellant prayed judgment for $815 and recovery of possession of the hotel property. On February 5, 1929, a writ of restitution was issued under which respondent was evicted on February 11, 1929.

By answer, respondent admits her possession of the hotel property, but denies that she was a subtenant of the appellant; denies that she owed him any rental; admits the service of the unlawful detainer notice, but alleges that appellant had no right to serve the same.

Before answering, respondent demurred to the complaint of appellant upon the grounds that there was a

defect of parties plaintiff, a defect of parties defendant and that the complaint did not state facts sufficient to constitute a cause of action. That demurrer was overruled in one department of the lower court, but upon the trial of the case after a jury had been impaneled, before any evidence was introduced, respondent renewed the same grounds of the demurrer by way of objection to the introduction of any evidence under the complaint. After arguments by respective counsel, the motion was granted by the trial court and the jury discharged.

Immediately upon the decision of the trial court to that effect, on June 14, 1929, appellant gave oral notice of appeal. The written order of dismissal of the case was not signed by the trial court and filed in the office of the clerk thereof, until June 17, 1929. On July 16, 1929, which was within the thirty days required for appeal from judgments in civil cases, written notice of appeal was served upon respondent, service of which was admitted by counsel for respondent. On the same day a sufficient bond was filed in the lower court.

Respondent first moves in her brief to dismiss the appeal for the reason that the appeal bond was not filed within five days after giving oral notice of appeal.

The oral notice was both premature and abandoned. It is well settled in this state that the failure to perfect an attempted appeal, or the abandonment of an appeal by a party having the right to appeal, does not impair such party's right to give notice of and perfect a new appeal, providing that the new appeal is perfected within the time prescribed by law. *Carstens & Earles v. Seattle,* 84 Wash. 88, 146 Pac. 381, Ann. Cas. 1917A 1070.

Upon the record before us, the motion of respondent to dismiss the appeal is not well taken and is denied.

■ The sufficiency of the notice under the unlawful detainer statute is one of the principal contested questions on this appeal. The notice is sufficient as to the description of the premises, and that is not questioned. It is contested only on the ground that it is insufficient as to the amount of rent demanded and the number of months for which such rent is demanded. It will be observed that the notice was to the effect that the rent was in default which had matured and became payable on the first day of several months last past, and particularly of the rent which matured and became payable upon the first day of December, 1928, and the first day of January, 1929, the total of which defaulted rental aggregates a little over the sum of $800 upon a month to month tenancy as a subtenant. The trial court held the notice fatally defective and a jurisdictional matter to sustain such action.

While this notice is by no means to be commended and is in substance about the extreme limit to which we would be inclined to go in sustaining such notice, we have never adopted the strictest rule of construction as to the form or contents of such notices under our unlawful detainer statutes, chiefly for the reason, doubtless, that the statutes prescribe no form.

In a very early case we held that notice of unlawful detainer was sufficient when it states with reasonable certainty the amount of payment due. *Ralph v. Lomer,* 3 Wash. 401, 28 Pac. 760. That notice is sufficient when the tenant may make a tender of the claimed amount and avoid a forfeiture; else it is insufficient. *Byrkett v. Gardner,* 35 Wash. 668, 77 Pac. 1048. See, also, a very recent case, *Provident Mutual Life Insurance Co. of Philadelphia v. Thrower,* 155 Wash. 613, 285 Pac. 654. In the last cited case, the notice was somewhat defective, both respecting the description of the premises from which eviction was sought and the

amount of rent claimed to be due. It was held that neither defect was sufficient to invalidate the notice under our statute.

When passing upon the motion below, the trial court seemed to rely chiefly upon the *Byrkett* case, *supra*. That case arose under a farm lease for a term, with shares of the products to be delivered annually and many other specified conditions to be performed by the lessee. A notice was given under the statutes which specified the breach of "each and all" of the agreements, without specifying any amount of rent claimed to be due. It was held that the notice must be sufficiently definite to enable the tenant to avail himself of the alternative of paying the rent if desired, and thus abate a forfeiture. It is plain that decision does not control this case.

In the notice before us, the statement that the total delinquent rental aggregated "a little over $800," was unimportant. The tenant in possession would be justified under such a notice in tendering the minimum of $800, if that was the just amount to be paid, and thus avoid a forfeiture of the tenancy. The complaint alleges that the monthly rental was $200, and that respondent had defaulted for a portion of the month of September and all of the months of October, November and December, 1928, and January, 1929. It is true that was denied by respondent, but that created no more than an issue of fact triable between the parties, the real delinquency in rental to be determined in order that a proper judgment might be entered.

We conclude therefore that the notice was barely sufficient under our unlawful detainer statutes.

Respondent also attacked the right of appellant to maintain this action because it appeared from a supplemental pleading, required by the lower court on the motion of respondent to make the original com-

plaint more definite and certain, that appellant based his right to possession of the property involved and the rents upon a lease executed by Thos. S. Dahlquist and wife to respondent herein, dated May 1, 1927, for a term of years. This lease was assigned by respondent on November 9, 1927, to one Glen G. Gibbs with the consent of the lessors affixed thereto. On December 20, 1927, Gibbs, with the written consent of the lessors, pledged the lease to appellant,

" . . . as collateral security to an existing chattel mortgage on the personal property, furniture and furnishings of said Antlers Hotel, and upon full payment and performance of said chattel mortgage, any portion of this assigned lease or any new lease held shall be released and assigned back to the proper owner thereof."

From these various instruments, it is clear that respondent and Gibbs were the original lessees. Respondent assigned her interest in the lease to Gibbs and Gibbs assigned to appellant. It is immaterial that the assignment to appellant was as collateral security to an existing chattel mortgage in so far as respondent is concerned. According to the allegations of the complaint, she was a subtenant in possession. Appellant is entitled to the rental under the assignment of the lease to him. If the assignment be a pledge, appellant, as pledgee, has the right to all the benefits of the pledge during his right to possession thereof.

"The pledgee has the right to an undisturbed possession of the thing pledged to him during the full accomplishment of the bailment purpose; and hence may sue, not only the pledgor, but all third persons who wrongfully invade this right. He may seek to recover the chattel in replevin, or sue in damages as for its tortious dispossession. This accords with our general law of bailments. None can obstruct his prompt pursuit and recovery, under such circumstances, save the party who can show a better title; and any interest

derived in the thing through the wrong-doer, however honestly acquired by some third person, and handsomely paid for, must, except as to negotiable securities, yield to the pledgee's right of precedence." Schouler's Bailments and Carriers (2d ed.), § 217.

"He [the pledgee] is entitled to maintain any action for the protection of his possession and special rights of property, not only against third persons who wrongfully interfere with the same, but also against the pledgor, if he wrongfully obtains or retains possession." 21 R. C. L. § 26, p. 663.

See, also, *id.*, § 29, p. 666.

■ Respondent also contends, and seems to have persuaded the trial court, that, in order to fully litigate the matters involved in this action, Gibbs, the lessee, would be a necessary party, either as plaintiff or defendant; that he has rights of which he would be deprived without his day in court.

*Denny v. Cole,* 22 Wash. 372, 61 Pac. 38, 79 Am. St. 940, and *Washington National Building Loan & Investment Ass'n v. Saunders,* 24 Wash. 321, 64 Pac. 546, are relied upon to sustain that contention.

Neither of the above cases is in point. The *Denny* case was one where a receiver had been appointed to take charge of all the property of an insolvent partnership. It was there held that the receiver was a necessary party to any action involving an interest in the assets of the insolvent partnership. The case cited in 24 Washington was an action brought to foreclose a pledge of shares of stock, which statement distinguishes it from such case as this.

Strangely, neither of counsel called the attention of the trial court, nor ours, to the statutes governing such matters. Rem. Comp. Stat., § 816, provides:

"No person other than the tenant of the premises, and subtenant, if there be one, in the actual occupation of the premises when the complaint is filed, need be made parties defendant in any proceeding under this

chapter, nor shall any proceeding abate, nor the plaintiff be nonsuited, for the nonjoinder of any person who might have been made party defendant; . . ."

Section 827, *id.*, briefly, provides that, within the five days provided for the abeyance of judgment in unlawful detainer actions, the tenant, or any subtenant, or any mortgagee of the term, or other party interested in its continuance, may pay into court for the landlord the amount of the judgment and costs, and thereupon the judgment shall be satisfied and the tenant restored to his estate.

Section 830, *id.*, provides that the court may relieve a tenant against a forfeiture of a lease and restore him to his former estate, as in other cases provided by law, where such relief is made within thirty days after the forfeiture is declared by the judgment. It was so held in *Canyon Lumber Co. v. Sexton*, 93 Wash. 620, 161 Pac. 841.

Whatever may be Gibbs' interest in the tenancy, no relief is sought against him. It is not Gibbs, but respondent, who actually occupied the premises. See *Guill v. Enomoto*, 117 Wash. 575, 201 Pac. 910. It is obvious that Gibbs is not a necessary party either as plaintiff or defendant.

We feel bound to conclude that the judgment of dismissal entered by the trial court is erroneous.

The judgment is therefore reversed and the cause reinstated for further proceedings in accordance herewith.

MITCHELL, C. J., MAIN, FULLERTON, and PARKER, JJ., concur.