A. S. Metcalfe *et al., Appellants,* v. E. Marie Heslop *et al., Respondents.*[1]

*Gordon E. Metcalfe,* for appellants.

Beals, J.—In their amended complaint, plaintiffs alleged, *inter alia,* that the defendants, E. Marie Heslop and John Doe Heslop, were husband and wife, and that, during the month of March, 1929, plaintiffs leased to defendants a building known as the Metz apartments, situated on lots two and three, block eleven, J. J. McGilvra's Third Addition to the city of Seattle, at a rental of six hundred dollars per month. It was further alleged that defendants failed to pay the rent for the month of June, 1929; that plaintiffs delivered to defendant E. Marie Heslop a written notice in the following form:

"Mrs. E. Marie Heslop, Lessee                6-6-29.
"Metz Apartments
    "You are hereby notified to pay the rent due June 1, 1929, in accordance with the terms of your lease, or in the alternative to quit the premises.
                "(Sd.) A. S. Metcalfe, Owner;"

[1]Reported in 296 Pac. 151.

that defendants remained in possession of the property after the service of this notice; and that more than three days after such service, a writ of restitution was issued in this action, under which defendants were ejected from the premises above referred to. Plaintiffs prayed for judgment against defendants in the aggregate amount of nearly three thousand dollars, for rent and other items alleged to be due, and for an adjudication that plaintiffs were entitled to possession of the premises. To this amended complaint, defendants demurred, upon the ground that the same failed to state facts sufficient to constitute a cause of action. This demurrer was, by the trial court, sustained, and, plaintiffs electing to stand upon their amended complaint, judgment was entered dismissing the action, from which plaintiffs appeal.

No appearance in this court has been made by respondents, the matter being before us only upon the brief submitted by appellants, and oral argument by their counsel.

In their amended complaint, appellants allege that respondents were husband and wife, and that appellants leased to respondents the apartment house described in the written lease, a copy of which is attached to the amended complaint. Service of this notice upon respondent E. Marie Heslop is also alleged, but there is no allegation of any service thereof upon respondent John Doe Heslop. It is manifest that, under these allegations, the notice to quit served by appellants was insufficient, as the same is directed to one of the respondents only.

The notice itself is insufficient in form, as it does not describe the property, fails to state the amount of rent due, and fixes no time for the surrender of the premises in case of continued failure to pay the rent.

Appellants argue that the notice is sufficient under

the decision of this court in the case of *Provident Mutual Life Insurance Co. v. Thrower,* 155 Wash. 613, 285 Pac. 654, in which it was held that a substantial compliance with the statute providing for such a notice as this, is sufficient, and that it was only necessary that the description of the property contained in the notice should be sufficient to identify the premises. In the notice which was then being considered by the court, a definite amount was stated as the rent past due, and the premises were described in the body of the notice as "rooming house at 901½ South G Street." In the notice now before us, no amount whatever is stated as the rent due; neither is the property described in the notice. It is true that the same is directed to Mrs. Heslop, "Lessee, Metz Apartments," but this, in form, is an address merely, and presents a less exact compliance with the statute in that regard than does the notice which was considered in the case cited.

In the case of *Erz v. Reese,* 157 Wash. 32, 288 Pac. 255, this court went to the extreme limit in upholding such a notice as is here in question, but in that case the notice stated the approximate amount due, contained at least some description of the premises, and, while the time for the surrender of the premises, in case of the failure to pay the rent, was not stated, the notice did advise the tenant that it was given pursuant to paragraph 3, § 812, Rem. Comp. Stat.

It clearly appears that appellants' amended complaint failed to state facts sufficient to constitute any cause of action against respondents, and the trial court did not err in sustaining respondents' demurrer thereto.

The judgment appealed from is affirmed.

TOLMAN, C. J., FULLERTON, MILLARD, and BEELER, JJ., concur.