J. H. DEMING *et al., Appellants,* v. WALTER JONES *et al.,*
*Respondents.*[1]

*John J. Kennett,* for appellants.

*Jno. J. Pinckney, Black & Rucker,* and *Tom Alder-
son,* for respondents.

TOLMAN, J.—This is an action in unlawful detainer
brought by appellants, as plaintiffs, to recover posses-
sion of certain real property leased by them for the
term of twenty years under a written lease, in an un-
improved state, to be improved by the lessee and used
as a gasoline station and for kindred purposes.  At the
opening of the trial below, a tender was made and paid
into the registry of the court of a sum of money deemed
sufficient to cover all rental due.  After a trial to the
court, sitting without a jury, the trial court rendered
an exhaustive memorandum opinion, made findings
of fact and conclusions of law favorable to the defend-
ants, and a judgment followed dismissing the plain-
tiffs' action with prejudice, but awarding to them the

[1]Reported in 24 P. (2d) 85.

money tendered into court, amounting to $359.32. Costs accruing subsequent to the tender were awarded to the defendants. From that judgment, plaintiffs prosecuted this appeal.

The plaintiffs' attempted forfeiture of the lease was based upon three grounds: (1) nonpayment of rent; (2) that intoxicating liquor had been permitted upon the premises in violation of the terms of the lease; and (3) that gambling devices were there maintained and operated in violation of the state law; and to some extent also upon the theory that respondent Frazine purposely limited the sales of gasoline so as to reduce the rent to the minimum.

The errors assigned very largely raise questions of fact only, and we have accordingly diligently examined all of the evidence contained in the record. Because of the partisan interest of most of the witnesses who testified to controlling facts, this is peculiarly a case where the impressions to be gained from seeing and hearing the witnesses are of the utmost importance, and it is quite evident that the trial court did give greater weight to the testimony of some than he did to that of other witnesses.

The trial court found that the plaintiffs were the owners of the real property involved, and

"That, on the 14th day of September, 1928, said plaintiffs, by written instrument, leased the above described land to the defendants Walter Jones and Alma Jones, his wife, for a term ending on the 31st day of March, 1949; that, pursuant to the terms of said lease, said defendants Jones made certain improvements on said land and erected a service station thereon, and also erected a dwelling house and small lunch room or restaurant on the premises, some distance from the service station. That on, or about, the 30th day of July, 1930, the defendants Jones, with the consent of the plaintiffs, sold said improvements, buildings, etc., and assigned said lease, to the defendant O. G. Frazine,

for the sum of $6,000; and the said O. G. Frazine and Sadie Frazine, his wife, ever since have been, and now are, the owners of said lease and the buildings and improvements located thereon, and are the only defendants financially interested in said property.

"That the defendant O. G. Frazine operated the gasoline service station from the first day of August, 1930, until February 1st, 1931, when he purchased a newspaper in Blaine, and hired his son-in-law, the defendant Wheeler, to operate the station, and said Wheeler did operate said gasoline station as an employee of the defendant Frazine up to the time of the trial. That the defendants Wilder and wife and Casey and wife were, for a portion of the time, sublessees from the defendants Frazine of the small lunch room or restaurant, which lunch room or restaurant was never operated by the defendants Frazine.

"That on, or about the 23rd day of November, 1931, the plaintiffs caused a 'Notice of Forfeiture of Lease' to be served upon the defendants Jones and Frazine. That said notice was a thirty day notice and was based upon several alleged grounds: that incorrect statements had been furnished of the quantity of gasoline sold; that Frazine had refused to furnish statements from the oil companies; that he had failed to use his best efforts to sell gasoline; that the station had not been kept open during all proper hours, etc.; that cars came and left without being served; that intoxicating liquor had been allowed and consumed on the premises; that statements made were not complete. The amount of rent claimed by plaintiffs was not set forth in this notice. The court finds that the evidence fails to sustain any of the grounds upon which said notice was predicated.

"That on the 12th day of March, 1932, another notice was given by plaintiffs to said defendants to the effect that the lease had been terminated by the former notice and that the rent would be $75 per month commencing December 24th, 1931, and demanding rent on that basis. As the lease had not been forfeited or terminated by the former notice, this notice was of no effect.

"That on the 19th day of March, 1932, the plaintiffs caused another notice to be served upon the de-

fendants. This was a three day notice, and was not given in the alternative, nor did it set forth the amount of rent claimed to be due. It was based upon the grounds: That defendants had allowed and permitted gambling to be carried on on said premises in violation of the laws of the state of Washington; that they had permitted and allowed intoxicating liquor to be used and consumed on said premises in violation of the laws of the state of Washington; and that they had suffered, permitted and maintained on or about said premises a nuisance, in that gambling and drinking were permitted thereon. The court finds that the evidence does not sustain the allegation that defendants had permitted or allowed intoxicating liquor to be used and consumed on the premises; or that a nuisance had been suffered, permitted or maintained on the premises in that drinking intoxicating liquor had been permitted thereon.

"The lease does not contain any reference to gambling. There were a couple of punch boards and a slot machine in the lu[n]ch room or restaurant, but said lunch room or restaurant was operated by sub-lessees of the defendants Frazine, and the evidence does not disclose that the defendants Frazine had any knowledge of these devices.

"The court expressly finds that the defendant Frazine at all times honestly attempted to pay the correct rent based upon the number of gallons of gasoline sold at the service station, as provided for in his lease; that, after the plaintiffs had made complaint to him, he sought to get an agreement with them so that he might pay any amount actually due. That, after the first notice was served upon him, he tendered to the plaintiffs more than was rightfully due to them; and that thereafter, each month until the commencement of this action by the plaintiffs, he continued to tender more than the amounts of rent due, all of which tenders were refused by plaintiffs; and that he was at all times willing to comply with the terms of the lease. That, on the date of trial and before the commencement thereof, by permission of the court, he tendered to plaintiffs, and deposited in court for them, the sum of $359.32, which

was at least $9.84 more than the amount actually due them, which tender was also refused by plaintiffs.''

We are quite convinced that the evidence cannot be said to preponderate against any of these findings, except perhaps that one which is to the effect that Frazine at all times honestly attempted to pay the correct amount of rental based upon the gallonage of gasoline sold. It must be admitted that Frazine failed to make the proper payments or tenders until after suit was brought, and that he and those who operated the station under him had at all times the means of keeping a correct record from which the amount of the rental could be accurately computed. At the least, there was such carelessness and inefficient business methods as would not ordinarily be excusable. Here, that carelessness must be weighed in the scales against a forfeiture of rights which are valuable out of all proportion to the harm which appellants have suffered by the careless conduct. The law does not favor forfeitures, and equity abhors them. Because forfeitures are not favored, we are constrained to hold that the trial court's findings and the conclusions based thereon were not erroneous.

Little more need be said. The issue as to the willful keeping down of sales is not sustained by a preponderance of the evidence. By the facts found, the foundation for the several forfeiture notices was wholly removed, and, as indicated by the findings quoted, so far as those notices were based upon nonpayment of rent, none of them had any legal effect for want of compliance with the statutory requirements. *Metcalfe v. Heslop,* 161 Wash. 106, 296 Pac. 151. See, also, *Erz v. Reese,* 157 Wash. 32, 288 Pac. 255, and cases there cited.

The judgment is affirmed.

BEALS, C. J., MAIN, and BLAKE, JJ., concur.

.649

STEINERT, J. (dissenting)—I dissent. I think that ample ground was shown for the forfeiture of the lease.

[No. 24363. Department Two. July 25, 1933.]