[No. 28833.    Department One.    December 3, 1942.]

FRANCES M. DAVIS, as *Executrix, Respondent,* v. EDNA E. JONES, *Appellant.*[1]

'Reported in 131 P. (2d) 430.

*Tyre H. Hollander,* for appellant.

*Clay Nixon,* for respondent.

MILLARD, J.—This is an action in unlawful detainer. Trial of the cause to the court, sitting without a jury, resulted in findings that, as she refused to comply with the terms of the notice to pay rental or vacate, defendant tenant was unlawfully in possession of the premises in question, and that plaintiff was entitled to recover double the amount of accrued rental of $448 for twenty-eight months at sixteen dollars monthly. Judgment was entered accordingly for $896 in favor of plaintiff and against defendant. Defendant appealed, but prior to the notice of appeal plaintiff Blanche A. Shuman died, whereupon the executrix of her estate was substituted as plaintiff.

Appellant's first contention that the relationship of landlord and tenant never existed between decedent and appellant, is without substantial merit.

William B. King and Blanche A. Shuman, brother and sister, jointly owned, as their separate property, lot six, block twenty-five, Lincoln Pontius' supplemental addition to the city of Seattle, which is improved by apartment buildings numbered 1002 to 1008 east Mercer street. By quitclaim deed, executed October 4, 1937, and placed of record February 7, 1939, the brother conveyed his interest in the property to his sister. There-

after, Mr. King, until his death October 13, 1939, continued, as he had done prior to the time of his sister's acquisition of complete title to the property, to manage the property for his sister, Blanche A. Shuman. Commencing in December, 1930, Mr. King, for reasons deemed sufficient by him, permitted appellant and her family to occupy the upstairs apartment (1002 east Mercer street) of a duplex apartment building on lot six. Appellant and her daughter later moved to the downstairs apartment, which is numbered 1004 east Mercer street. During the period of his management of this property, Mr. King did not collect rental from appellant for the premises she occupied.

While Mrs. Shuman was bound by the acts of her agent, William B. King, prior to the death of that agent October 13, 1939, the subsequent occupancy by appellant of the property, to which Mrs. Shuman had absolute title, constituted tenancy by sufferance. The judgment is for recovery of rental of sixteen dollars monthly for period subsequent to death of William B. King, from October 13, 1939, on which date the common-law obligation to pay rent arose. There is no contention that a rental of sixteen dollars monthly for twenty-eight months, or an aggregate of $448, is not reasonable.

Appellant next challenges the validity of the service upon her of notice to pay rent or vacate the premises.

December 14, 1939, Mrs. Shuman's then attorney served at 1004 east Mercer street on Betty Jones, a daughter of appellant who was residing with her mother at 1004 east Mercer street, a notice to pay rent or vacate. The notice, which is made a part of the complaint, reads as follows:

"*Notice To Pay Rent Or Vacate*
"To: EDNA JONES, 1004 E. Mercer Street, Seattle, Washington.

"You are hereby notified that you are in default in the payment of the rent for the following described premises, now occupied by you in King County, State of Washington, to-wit:

"Lot 6, Block 25 of Lincoln Pontius Supplemental Addition to the City of Seattle, Washington.

in the sum of $339.50 Dollars and you are hereby required to pay said rent or surrender said premises to the undersigned or her agents, A. A. Seijas, Attorney at Law, within three days.

"You are further notified that by the laws of the State of Washington if you do not comply with this notice by paying said rent or surrendering said premises within three days after the service of this notice upon you, you will be guilty of unlawful detainer.

"BLANCHE SHUMAN (signed)"

The night of December 14, 1939, Mrs. Shuman's attorney sent a duplicate of the notice by mail to Edna E. Jones, 1004 "or something like that, east Mercer street, Seattle."

The actual service of the notice was made at 1004 east Mercer street, where appellant resided. Numbers 1002 and 1004 east Mercer street are portions of a duplex house, all of which were under the possession and control of appellant. The addresses 1002 to 1008 all are within the legal description of the property which is given in the notice. The daughter, who is an adult, upon whom the notice was served, delivered the notice to her mother, who continued to remain in possession of the premises in defiance of the notice, which she gave to her then attorney, who is not her representative in this action. Appellant and her daughter testified that they never received the copy of the notice which Mrs. Shuman's attorney testified he mailed to her.

The statute (Rem. Rev. Stat., § 814 [P. C. § 7972]) provides that a copy of the notice shall be delivered personally to the person entitled thereto, or, if that person is absent from the premises unlawfully held, a

copy of the notice shall be left there with some person of suitable age and discretion, and that a copy of the notice shall be sent through the mail addressed to the person entitled thereto at his place of residence.

We note the suggestion of counsel for appellant that some one changed, before this action was commenced, the address of "1008" to "1004" east Mercer street on the notice to pay rent or vacate the premises. The evidence is that a copy of the notice was left, as required by the statute, with a person of suitable age and discretion at 1004 east Mercer street, the premises unlawfully held by the tenant, and that a copy of the notice was sent through the mail properly addressed to appellant. It was not incumbent upon respondent to prove that the mailed notice was received by appellant. There is evidence, also, that the notice served upon appellant's daughter was properly addressed to appellant.

It would serve no useful purpose to discuss the question whether other claimed defects invalidate the notice. It is true that the notice is not to be commended, but there is a sufficient description of the premises, and appellant does not contend that she was misled or deceived by the language of the notice as to the premises occupied by her. The amount of rent due is recited, and the notice also apprises appellant tenant of the time within which to surrender the premises in case of continued failure to pay rent. See *Provident Mutual Life Ins. Co. v. Thrower,* 155 Wash. 613, 285 Pac. 654; *Erz v. Reese,* 157 Wash. 32, 288 Pac. 255; and *Congdon v. Brown,* 7 R. I. 19.

Likewise without substantial merit is appellant's next contention that the summons and complaint are fatally defective.

Mrs. Shuman filed her complaint January 16, 1940, against Edna Jones, Jane Doe Jones, and John Doe

Jones, in action of unlawful detainer, in which respondent alleged unlawful detention of certain described premises by reason of appellant's failure to pay rental therefor, and that notice, copy of which was made a part of the complaint, to pay rent or vacate the premises was duly served upon appellant. Respondent prayed that possession of the premises be restored to her, that she be awarded judgment against appellant in an amount equal to rental of sixteen dollars monthly for the period of appellant's occupancy of the premises, and that the amount of damages be doubled. The summons served January 16, 1940, upon appellant with copy of the complaint is addressed to Edna Jones, Jane Doe Jones, and John Doe Jones, defendants, who were summoned to appear within seven days after service of the summons upon

". . . you, on or before January 23rd, 1940, exclusive of the day of service, and defend the above-entitled action in the Superior Court of the State of Washington for King County, aforesaid, the same being for unlawful detainer . . . in case of your failure to do so, judgment will be rendered against you according to the demand of the complaint . . . (a copy of which is herewith served upon you)."

What we have said respecting the claimed insufficiency of description of the property in the notice to pay rent or vacate the premises meets appellant's argument that the premises to be vacated are not described in the complaint with reasonable certainty.

Appellant invokes Rem. Rev. Stat., §§ 817, 818 [P. C. §§ 7975, 7976], which provide that the summons must be made returnable on a designated day which shall not be less than six nor more than twelve days from the date of service, and that the summons shall state the nature of the action in concise terms and the relief sought.

That the summons performed the function of giving notice according to the statutory requirements with such particularity as not to deceive or mislead, is clear from an examination of the statute (Rem. Rev. Stat., §§ 817, 818) and a reading of the summons; therefore, it was sufficient to confer jurisdiction upon the court. See *Codd v. Westchester Fire Ins. Co.*, 14 Wn. (2d) 600, 128 P. (2d) 968.

■ Finally, appellant argues that, as Mrs. Shuman permitted two years to elapse from the time the action was commenced until judgment was entered, respondent.is not entitled to more than straight rent and possession of the property.

The statute (Rem. Rev. Stat., § 827 [P. C. § 7985]) provides that, if the finding of the court in an action such as the one before us be in favor of the plaintiff and against the defendant, judgment shall be entered for restitution of the premises and that,

". . . if the alleged unlawful detainer be after default in the payment of rent, . . . the judgment shall be rendered against the defendant . . . for twice the amount of damages thus assessed and of the rent, if any, found due. . . ."

The delays in the trial of this action are not solely chargeable to respondent. By motion for dismissal of the action for failure to prosecute, appellant could have expedited disposition of this cause; this she did not choose to do. Appellant was not under any obligation to remain on the premises. She was afforded the choice of paying rent for or moving from the apartment. She elected to remain on the premises, refused to pay the rent, and permitted the action to linger two years.

In *Armstrong v. Burkett*, 104 Wash. 476, 177 Pac. 333, which was an action of forcible entry and detainer, defendant paid her rent to the date that her

tenancy would terminate but refused to vacate the premises. Defendant also tendered and paid into court the rent from date of termination of her tenancy to the time of trial of the action. She argued that, by reason of that tender and payment into court, the penalty of the statute (Rem. Rev. Stat., § 827)—judgment for double the amount of rent accrued—should not be visited upon her. We held that, while our heart was with appellant, we must be guided by the statute (Rem. Rev. Stat., § 827), which left no legitimate ground for the exercise of our sympathy; that the trial court was without discretion, as were we.

The judgment is affirmed.

ROBINSON, C. J., STEINERT, BLAKE, and JEFFERS, JJ., concur.