FRED T. STEWART, et als., vs. STEWART DRUG COMPANY.

Washington.   Opinion February 5, 1918.

*Dissolution of corporations.   Rights of receivers.   Effect of appointing receivers in relation to pending actions.   General rule of law as to liability of "receiptors."*

Upon the dissolution of a corporation and the appointment of receivers to distribute its funds, the provisions of R. S., Chap. 47, Sec. 77, (R. S. 1916, Chap. 51, Sec. 81), extending the existence of a corporation after the termination of its charter are inapplicable and the corporation is thereafter incapacitated to sue or be sued in a court of law, otherwise than to promote the object confided to the receivers.

The giving of a receipt in the alternative dissolves an attachment as regards third parties, whether bona fide purchasers or creditors, making subsequent attachments, but as between the attaching creditor, the receiptors and the debtor, the liability of the attaching officer remains in force until dissolved by operation of law and the liability of the receiptors depends upon the existence of the liability of the officer and ceases with it.

Proceedings in equity asking that the receiver of a corporation be ordered to appear and defend an action at law brought against a corporation and pending at the time of the dissolution of the corporation.   At the hearing before single Justice it was ruled pro forma that the receiver be ordered to appear and defend the pending suit; to which ruling exceptions were filed.   The petition of receiver was dismissed pro forma; to which ruling exceptions were also filed.   Judgment in accordance with opinion.

Case stated in opinion.

*C. B. & E. C. Donworth*, for plaintiffs.

*H. H. Gray*, for defendants.

SITTING: CORNISH, C. J., SPEAR, KING, BIRD, JJ.

BIRD, J.   Following the announcement of the opinion in *Carter, Carter and Meigs Company* v. *Stewart Drug Company* 115 Maine, 289, the receiver of defendant corporation filed his petition in this cause, a

proceeding in equity under Public Laws 1905, Chap. 85, (R. S., 1916, Chap. 51, Secs. 82-87), asking leave to appear and defend the afore-mentioned suit at law of *Carter, Carter and Meigs Company* against *Stewart Drug Company*, the defendant in this case, and to move that it be dismissed. A petition was also filed by Carter, Carter and Meigs Company, the plaintiff in the suit at law, asking that the receiver be ordered to appear and answer the suit at law and take such action therein as may be determined by the equity court. Ruling pro forma in each instance, the sitting Justice entered a decree dismissing the petition of the receiver and upon the petition of Carter, Carter and Meigs Company, decreed that the receiver "appear and answer to said suit at law, and defend the same." The case is now here upon the exceptions of the receiver both to the dismissal of his petition and also to the decree entered upon the petition of Carter, Carter and Meigs Company.

In the former opinion already referred to, 115 Maine, 289, it is held that upon the dissolution of a corporation and the appointment of receivers to distribute its funds, the provisions of R. S., Chap. 47, Sec. 77, (R. S. 1916, Chap. 51, Sec. 81), extending the existence of a corporation for three years after the termination of its charter are inapplicable and that the corporation is thereafter incapacitated to sue or be sued in a court of law, otherwise than to promote the object confided to the receiver. See *Whitman* v. *Cox*, 26 Maine, 335, 340.

How will compliance on the part of the receiver with the decree of the Equity Court requiring him to appear, answer and defend the suit at law promote the object confided to the receiver? Upon the writ in the suit at law an attachment of personal property was made on the eleventh day of September, 1915, the officer took a receipt in the alternative for the goods attached executed by the defendant and two others and on the first day of October, 1915, the bill of complaint in the instant cause was filed. See 115 Maine, at page 290.

The petition of Carter, Carter and Meigs Company, after reciting the facts concerning the attachment and the filing of the present bill in equity and the various interlocutory decrees thereunder, alleges;

"That petitioner believes that said several decrees in equity have not absolved said receiptors from the obligation and that both law and equity require that they answer to their understanding as stated in said suit at law.

"That the time when said receiptors' liability shall become absolute is thirty days after judgment against said corporation and your petitioner believes it necessary and proper that judgment be obtained against said corporation in said action at law, and that the same is impossible unless said receiver appears and answers to said suit.

"That by a judgment of the Supreme Judicial Court of this State in a rescript sent down therefrom and on file in said Court for said county in said suit at law said receiver may be ordered and required by the Chancellor to appear and answer to said action at law, and to take whatever action therein that the Chancellor determines.

"That said petitioner avers and believes that the appearance of said receiver in said suit at law and an order of said Equity Court that said receiver appear and answer to said suit at law, and to defend said action or to be defaulted therein, cannot injure or prejudice said receiver nor the winding up of the affairs of said Stewart Drug Company, nor interfere with the decrees or injunctions of the Equity Court in the matter of said Stewart Drug Company."

These paragraphs contain all the allegations showing why the petition should be granted. Among them we find none indicating that the granting of the petition will "promote the object confided to the receivers," which by statute is declared to be "to wind up the affairs of the company," R. S., 1916, Chap. 51, Sec. 83, that is, among other things, to pay the debts of the corporation, in full when the funds are sufficient, and when not, ratably to those creditors who prove their debts and the balance to distribute among the stockholders according to interest. R. S., 1916, Chap. 51, Sec. 88.

The giving of the receipt in the alternative dissolves the attachment as regards third parties, whether bona fide purchasers or creditors making subsequent attachments, *Perry* v. *Somerby*, 57 Maine, 557, but as between the attaching creditor, the receiptors and the debtor the liability of the attaching officer for the goods attached remains in force until dissolved by operation of law and the liability of the receiptors depends upon the existence of the liability of the officer and ceases with it. *Butterfield* v. *Converse*, 10 Cush., 317, 319.

If judgment in the suit at law should be obtained against defendant and the officer make demand upon the receiptors, for the goods attached, their refusal to deliver would be justified by reason of the dissolution of the attachment by virtue of the statute providing therefor when made within thirty days of the filing of the bill of com-

plaint.  R. S., 1916, Chap. 51, Sec. 83.  The liability of the receiptor is limited to and determined by that of the officer.  As the officer is not liable to the plaintiff in the action at law wherein the attachment was made, and the goods attached were delivered to the receiptors, the principal of whom was the debtor, the receiptor is not liable to the officer.  Judgment therefor, if obtainable could not avail the petitioner, the plaintiff in the suit at law.  See *Mitchell* v. *Gooch,* 60 Maine, 110, 113; *Gary* v. *Graham,* 112 Maine, 452, 454, 455; *Plaisted* v. *Hoar,* 45 Maine, 380, 384; *Butterfield* v. *Converse,* 10 Cush., 317, 319; See also *Sprague* v. *Wheatland,* 3 Met., 416.

The exceptions are sustained.  The decree dismissing the petition of the receiver is reversed and a decree will be entered therein directing him to appear, defend and move the dismissal of the action at law. The decree entered upon petition of Carter, Carter and Meigs Company is reversed and a decree will be entered therein dismissing said petition with costs.