JOHN L. GRAY vs. CHARLES J. BRACKEN ET ALS.

Third Judicial District, New Haven, January Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

With certain exceptions, specifically prescribed by statute, it is
  indispensable to a valid attachment of tangible personal property
  that the officer should take and retain actual physical possession
  thereof, and if such possession is relinquished or abandoned, the
  . lien of the attachment terminates.  Accordingly, if the officer
  permits the property to remain in the possession of the de-
  fendant, taking in lieu thereof a so-called "officer's receipt," his
  right to assert a lien is lost as against subsequent purchasers
  for value or subsequent attaching creditors even though they
  have knowledge of the original attachment and the existence
  of the receipt.
The usual form of an "officer's receipt," signed by the defendant
  and a responsible third person, obligates them to redeliver the
  property on demand, or in default thereof, to pay a fixed sum,
  or, if demand is not made before judgment is rendered, the
  amount of the recovery not to exceed such sum; but if execution
  upon the judgment is not taken out within sixty days after it
  is rendered, the receiptsman is discharged and the property
  released.
If attached property is placed in the hands of a keeper, his possession
  is that of the officer.

Argued January 20th—decided February 9th, 1928.

ACTION by one deputy sheriff against another to
recover damages for the alleged wrongful seizure by
the defendant of goods placed in the custody of a
receiptsman by the plaintiff, brought to the Superior
Court in New Haven County and tried to the court,
*Baldwin, J.;* judgment for the defendants, and appeal
by the plaintiff. *No error.*

*James W. Carroll,* for the appellant (plaintiff).

*William J. Kennedy,* for the appellees (defendants).

BANKS, J.   The plaintiff, a deputy sheriff of New Haven County, by virtue of a writ in an action against one Quill, attached certain goods and fixtures belonging to the latter and located in two stores in the town of Cheshire, took them into his possession, and padlocked the stores.  After an interval of about ten days the plaintiff delivered the goods and fixtures into the custody of Quill, the defendant in the action in which they had been attached, and the latter and another signed an officer's receipt in which they agreed to redeliver the goods and fixtures on demand, or in default thereof to pay plaintiff their value.  The plaintiff filed the officer's receipt in the office of the town clerk of Cheshire, and placed a copy in a prominent place in each of the two stores.  Subsequently the defendant Bracken, by virtue of a writ in an action in which the defendants Bowditch and Kennedy were the plaintiffs and Quill the defendant, attached the goods and fixtures in one of these stores.  At the time of this second attachment, Quill told the defendant Bracken that he was holding these goods and fixtures by virtue of the officer's receipt, and showed him the copy which was displayed in the store.  Thereafter the plaintiff notified the defendant Bracken that at the time of the latter's attachment Quill had been holding the goods as his receiptsman and demanded their return.  Bracken refused to return them, and later refused to surrender them when they were demanded of him by the plaintiff, by virtue of an execution which had been issued in the action in which they had been attached by the plaintiff.

The contention of the plaintiff is that upon the facts stated the property attached by him in the first action against Quill was not subject to attachment by other creditors of Quill while in the latter's possession, after the plaintiff had surrendered the possession taken by

him by virtue of his writ of attachment, and taken in its place an officer's receipt. This contention involves a misconception of the essential character of an attachment of personal property. "It is of the very essence of a lien by attachment, that possession be taken and held; and when this is relinquished, there is a termination of the lien, and the general owner is remitted to his property unencumbered. . . . The plaintiff [the attaching officer], then, having abandoned the possession of the goods attached, the lien upon them was gone, and they were out of the custody of the law when taken and carried away by the defendant." *Taintor* v. *Williams,* 7 Conn. 271, 273. That possession be taken and held by the officer is in all cases indispensable, and when his possession is relinquished there is a termination of the attachment lien. *Mills* v. *Camp,* 14 Conn. 219; *Knox* v. *Binkoski,* 99 Conn. 582, 593, 122 Atl. 400. Section 5867 of the General Statutes provides that an attachment of machinery, and other articles enumerated therein, which cannot, in the opinion of the officer levying upon them, be moved without manifest injury, shall be effectual to hold the same without any removal of them, provided a copy of the process and of the officer's return describing the property attached is filed in the town clerk's office within twenty-four hours after the attachment is made. Except in cases within the provisions of this statute and those involving the attachment of fixtures of telegraph or electric companies, and the attachment of property already under attachment, subject to the lien of that attachment, it is essential to the validity of an attachment of tangible personal property that the attaching officer take the same into his physical possession, and if he permits it to remain in the possession of the defendant the lien of the attachment is lost and the property is subject to the attachment of other creditors.

Gray v. Bracken.

Since very early times there has existed in this State a practice under which an officer who has attached personal property permits it to remain in the actual possession of the defendant, taking in lieu thereof a receipt signed by the defendant and some other responsible person in which they acknowledge having received the property of the officer and promise to redeliver it to him on demand, or in default thereof to pay a fixed sum, or if demand is not made before judgment is rendered, the amount of the judgment recovered by the plaintiff not to exceed such sum. Such was the instrument taken by the plaintiff here. This practice permits the defendant in the action in which the property was attached to retain the actual possession and use of his property. The property is held to respond to the judgment for sixty days after the judgment is rendered and if execution is not taken out within this period the receiptsman will be discharged and the property released. The officer is entitled to possession of the property at any time during this period and can maintain an action against the receiptsman upon his receipt if the latter fails to surrender the property. Though the officer is entitled to possession he has by surrendering possession lost the security of his attachment lien and the property in the hands of the debtor is subject to be attached by other creditors, and the owner may give a good title to a bona fide purchaser. In *Alsop* v. *White,* 45 Conn. 499, cited upon plaintiff's brief, in which such a receipt was given, the court said (p. 503): "As between the defendant and the officer, the former is not to be heard to say that he has broken his covenant and destroyed the lien; so far forth as he is concerned, the legal effect of his contract is, that for the purposes of a judgment the lien remains in full force"; but also said: "Doubtless, a subsequent purchaser from him [the debtor] for value could defend

against a demand for it [the property attached] by the officer." See also 1 Revision of Swift's Digest, p. [590]. A subsequent attaching creditor would have the same right. The situation of course is quite different from that existing when the officer has placed the attached property in the hands of a keeper, whose possession is that of the officer.

The filing of the officer's receipt in the town clerk's office was not required by statute and did not affect in any way the legal rights of the parties. Nor did the fact that the defendants knew that the property had been attached by the plaintiff and that an officer's receipt had been taken by him affect their right to attach the property when found by them in the possession of the debtor.

There is no error.

In this opinion the other judges concurred.