## DAVID TURNER *v.* GARY SMITH ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 300665
DANBURY

Memorandum filed May 13, 1992

*Allen Gary Palmer,* for the plaintiff.

No appearance for the named defendant.

*Halloran & Sage,* for the defendant town of New Milford.

FULLER, J. The present case, which originally began as a breach of contract action for failure to pay the costs to restore and repair an automobile, has evolved into a dispute over lien priorities resulting from seizure of the car under the federal drug forfeiture statute, 21 U.S.C. § 881. The plaintiff claims priority as a result of a prejudgment remedy issued on October 12, 1989. After the federal Drug Enforcement Agency (DEA) seized the car, it was given to the New Milford police department for purposes of storage and sale. When the car was sold in disregard of a notice of attachment previously placed on the car's windshield, the plaintiff cited in the town of New Milford as an additional

defendant for selling the car without notice to the plaintiff and for disregarding the prejudgment remedy for a possible judgment against the original car owner. The town has moved for summary judgment on the ground that the forfeiture proceedings extinguished any ownership interest the plaintiff had in the car.

A summary judgment may be granted under § 384 of the Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Connelly* v. *Housing Authority,* 213 Conn. 354, 364, 567 A.2d 1212 (1990). To prove that there is no genuine issue of material fact, the moving party must make a showing that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any material fact. *Fogarty* v. *Rashaw,* 193 Conn. 442, 445, 476 A.2d 582 (1984). A material fact has been defined as a fact that will make a difference in the result of the case. *Hammer* v. *Lumberman's Mutual Casualty Co.,* 214 Conn. 573, 578, 573 A.2d 699 (1990). In deciding whether there is a material issue of fact, the court considers the evidence in the light most favorable to the nonmoving party. *Connell* v. *Colwell,* 214 Conn. 242, 247, 571 A.2d 116 (1990). " 'Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue.' " *State* v. *Goggin,* 208 Conn. 606, 616, 546 A.2d 250 (1988).

There is no material disputed question of fact in the present case. Conclusions and inadmissible evidence in the plaintiff's affidavit, including speculation that criminal charges against the defendant Gary Smith were dismissed, must be disregarded. *Farrell* v. *Farrell,* 182 Conn. 34, 39, 438 A.2d 415 (1980). From July 1, 1988,

through August, 1989, the plaintiff, acting on a contract with Smith, rebuilt and restored a 1982 Ford Custom Cobra automobile at his garage. The value of the services was about $25,000. When the plaintiff commenced this action, the Superior Court, *Stodolink J.*, granted him a prejudgment remedy on October 12, 1989, allowing for the attachment of the car to the value of $25,000. Four days later, David E. Pare, a deputy sheriff for Litchfield county, made service of the prejudgment remedy and the complaint at Smith's residence and at the New Milford police department, which then had the car in its possession. The car had been seized by the DEA on September 26, 1989. The DEA designated the New Milford police department as the site at which it held custody to the property, and notified Smith of the seizure and attempted to notify any existing lienholders, but determined that no one had filed any liens on the title of the car. The plaintiff had not filed any lien and had no recorded interest or attachment on the car at least until October 16, 1989.

In August, 1989, the plaintiff had allowed Smith to take the car from the plaintiff's garage to use on an interim basis and to decide whether additional repair work was required. Smith was later arrested by the DEA on a charge of violating federal statutes on the sale and trafficking of illegal narcotics, and the car was seized at the time of Smith's arrest. While the plaintiff had no knowledge that Smith was engaged in narcotics trafficking, that is immaterial as to the priority of lien rights between the plaintiff and the DEA.

A copy of the attachment was apparently placed on the windshield of the car by the sheriff on October 16, 1989. The federal government published notice of the seizure in the newspaper U.S.A. Today on November 29, 1989. While the New Milford police department knew about the attachment, no claim to the car was filed and no bond was given to the United States cus-

toms officer within twenty days of the first publication of the notice of seizure as required by 19 U.S.C. § 1608. The car was declared forfeited on January 4, 1990. The sheriff served the prejudgment remedy a second time on January 11, 1990, gave a copy to an officer in the New Milford police department and placed another copy on the car windshield. The plaintiff claims that the town removed the attachment from the automobile. Whether or not that occurred, the car was sold at public auction for $22,000, which was apparently much less than its fair market value at the time. Prior to the sale, title to the car had been transferred to the New Milford police department for disposition pursuant to 21 U.S.C. § 881 (e).

Where there is no genuine issue as to any material fact, the next question on a summary judgment is whether the moving party is entitled to judgment as a matter of law. *Bartha* v. *Waterbury House Wrecking Co.,* 190 Conn. 8, 11, 459 A.2d 115 (1983). That question is resolved by applying to the established facts the same test used in determining whether a party would be entitled to a directed verdict on the same facts. *Connell* v. *Colwell,* supra, 247; *Connelly* v. *Housing Authority,* supra, 364. This requires a determination whether the plaintiff had a valid lien on the property before the car was seized by the DEA, whether the federal forfeiture procedures were correctly followed under the circumstances, and whether the actions of the New Milford police department illegally deprived the plaintiff of any perfected property rights to the car. The operation of a municipal police department is a governmental function. *Gordon* v. *Bridgeport Housing Authority,* 208 Conn. 161, 179, 544 A.2d 1185 (1988). The police department is not a separate legal entity, but a department of the town, and the department acted for the town in selling the car.

Before determining whether the sale was lawful under the circumstances, the court must resolve the issue of the plaintiff's property interest in the car. The bailment of an automobile for repairs has been held to subject the car to a lien for the amount of repairs. *New Britain Real Estate & Title Co.* v. *Collington,* 102 Conn. 652, 656, 129 A. 780 (1925); see also General Statutes § 49-61. The lien is dependent upon retention of possession of the property, however, and it is immediately lost when possession is surrendered, even where the owner takes the property for his personal use without objection with an agreement that it will be returned. *Fishell* v. *Morris,* 57 Conn. 547, 551, 552, 18 A. 717 (1889) (keeper of livery stable lost his lien on horse when it was taken for use and then sold by owner). If the plaintiff had a bailee's lien on the car for the value of his repair services, it was lost when he allowed Smith to take the car in August, 1989. The car was seized when used in drug trafficking at a time when it was not in the possession of the plaintiff. Accordingly, on September 26, 1989, when the United States DEA seized the car, it was not subject to any lien of the plaintiff.

Under 21 U.S.C. § 881 (a) (4) any vehicles that are used to transport or facilitate the transportation, sale, receipt, possession or concealment of controlled substances, such as narcotics, "shall be subject to forfeiture to the United States and no property right shall exist in them." This is an in rem proceeding, and it is civil, not criminal. Due process does not always require preseizure notice of an opportunity to be heard be given to the owner of a vehicle subject to forfeiture. *Calero-Toledo* v. *Pearson Yacht Leasing Co.,* 416 U.S. 663, 679, 94 S. Ct. 2080, 40 L. Ed. 2d 452 (1974); *United States* v. *One 1977 Mercedes Benz,* 708 F.2d 444, 450 (9th Cir. 1983). Property taken or detained under § 881 is not repleviable and is considered to be in the custody of

the Attorney General subject only to orders and decrees of the United States District Court or the official having jurisdiction over the property. 21 U.S.C. § 881 (c). Moreover, 21 U.S.C. § 881 (h) provides that "[a]ll right, title, and interest in property described in subsection (a) of this section shall vest in the United States upon commission of the act giving rise to forfeiture under this section." Since the statute relates back to the wrongful act resulting in forfeiture, the United States has priority over a creditor that acquired rights in the property after the wrongful act even if there was no notice to the creditor of the illegal narcotics transaction. *United States* v. *Four Parcels of Real Property on Lake Forrest Circle,* 870 F.2d 586, 593–94 (11th Cir. 1989). The United States government held title and custody to the car, and was allowed to remove it to the New Milford police department. 21 U.S.C. § 881 (e) (2). The form attached to the motion for summary judgment indicates that title to the property was not actually transferred to the New Milford police department until April 27, 1990. Even though the granting of the prejudgment remedy by the Superior Court authorized the plaintiff to attach the car as security, title had already vested by that date in the United States, which also held title when the sheriff attempted to attach the property on October 16, 1989, and again on January 11, 1990. "[N]o third party can acquire a legally valid interest in the property forfeited from anyone other than the government after the illegal act takes place." *Case of One 1985 Nissan, 300ZX, VIN: JN1C214SFX069854,* 889 F.2d 1317, 1320 (4th Cir. 1989).

The right to attach personal property is controlled by statute, and the failure of a deputy sheriff to follow the statutory requirements makes the attachment invalid. *Chapel-High Corporation* v. *Cavallaro,* 141 Conn. 407, 410, 106 A.2d 720 (1954). In most cases, in the absence of a statute allowing some form of con-

structive attachment, there must be a transfer of possession and actual removal of personal property, where practicable, in order to make a valid attachment. *Gray* v. *Bracken,* 107 Conn. 300, 302, 140 A. 354 (1928); *Knox* v. *Binkoski,* 99 Conn. 582, 593, 122 A. 400 (1923); *Mills* v. *Camp,* 14 Conn. 219, 225 (1841). Under General Statutes § 52-283, some attachments of personal property are effective without removal of the property, but those do not apply to automobiles. The attaching officer must usually take possession of the property and remove it. 6 Am. Jur. 2d, Attachment and Garnishment §§ 296, 297. Usually retention and continuity of possession by the attaching officer is required, although constant, actual possession is not necessary in some cases as long as the officer can retain and assert his control over it, and it cannot be interfered with without his knowledge. *Mills* v. *Camp,* supra, 227; 6 Am. Jur. 2d, Attachment and Garnishment § 504. Delivering a copy of the attachment to the police department and placing it on the windshield of the car alone, was not, of itself, a valid attachment of the car. In *Knox* v. *Binkoski,* supra, 592–93, a sheriff's attempt to attach a troupe of five performing lions by placing notices on the lions' cages and announcing to the owner and bystanders that he was attaching the lions was ineffective as either actual or constructive possession of them until he placed a keeper in charge on a later date. The notices were torn off the cages and destroyed the next day and the lions were exhibited thereafter by the person claiming to be their owner. The sheriff had to take some act that unequivocally placed the lions in his possession for the attachment to be valid.[1] Intent to take possession is insufficient when the property remains in or goes back into the custody of the owner. Id., 593.

---

[1] Presumably one attaches a troupe of lions like a dentist cleans a crocodile's teeth; very carefully.

While the record here does not indicate that the sheriff attempted to place the car in the custody of the New Milford police, it can be argued that, given the nature of the custodian, removal of the property was impossible, and the location of the car was secure from claims or repossession by the owner or other creditors. It is unnecessary to resolve this issue because the police already held the property for the federal government, the exclusive owner of it at the time. Since 21 U.S.C. § 881 (h) had vested all right, title and interest to the car in the United States when the sheriff attempted an attachment, Smith no longer had any interest in the car that was subject to attachment at that time. Any right that the plaintiff had to a bailee's lien prior to seizure of the car on September 26, 1989, was lost when he released the car to Smith in August, 1989. Since the attachment was of no legal effect, removal of the papers from the windshield of the car did not affect the plaintiff's rights in it, and in fact was authorized because the United States had declared the property forfeited. 19 U.S.C. § 1609 (b).

Even after forfeiture, a person claiming a vehicle has a statutory right to make a claim within twenty days after the date of the first publication of notice of seizure by filing a claim with the appropriate customs officer stating the claimed interest in the property together with a bond. 19 U.S.C. § 1608. Property confiscated because of use in narcotics trafficking is subject to the procedures for disposition of property by customs officials. 21 U.S.C. § 881 (d). The notice of seizure was published on November 29, 1989, and the plaintiff did not file a claim in accordance with the statute. Where a claim is not filed or the bond is not given within the twenty day period, the customs officer declares the vehicle forfeited and can proceed to sell it at public auction. 19 U.S.C. § 1609 (a). This occurred on January 4, 1990. A declaration of forfeiture has the same force

and effect as a final decree and order of forfeiture in a judicial forfeiture proceeding in a United States District Court and vests all title in the United States free and clear of all liens from the date of the act for which the forfeiture was incurred. 19 U.S.C. § 1609 (b). The second attempted attachment on January 11, 1990, was void for the same reasons as the one on October 16, 1989. When the property was transferred by the United States government to the New Milford police department on April 27, 1990, pursuant to 21 U.S.C. § 881 (e), the town had title to the car free and clear of any liens or encumbrances, including claims of the plaintiff. There is no equitable remedy available after the government starts civil forfeiture proceedings; *Shaw* v. *United States,* 891 F.2d 602, 603 (6th Cir. 1989); and a claim must be submitted following the procedures in the federal statutes. Sale of the property was a legally authorized act.

The plaintiff claims that the sale of the car by the town was illegal for several reasons: (1) the plaintiff had an ownership interest in the car, so it was exempt from the drug forfeiture statutes; (2) sale of the car was a proprietary act rather than a governmental function, and there is no governmental immunity for negligent sale of the car without notice to the plaintiff; (3) if the sale was a governmental function, the town is liable for abuse of discretion by its employees; (4) the failure to convict Smith on drug charges invalidates the forfeiture proceeding; and (5) personal notice of the sale should have been given to the plaintiff.

For the first claim, the plaintiff relies upon 21 U.S.C. § 881 (a) (6), which provides an exception from forfeiture "to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner." There is a similar pro-

vision in § 881 (a) (4). While there is no reason to doubt the plaintiff's claim that he was unaware of Smith's illegal activities, the short answer to the claimed exemption is that the plaintiff was never an owner of the car and did not have a lien on it when it was seized, or at any time thereafter. Moreover, an automobile lienholder has no standing to challenge a forfeiture under 21 U.S.C. § 881 (a) (6) where the lienholder asserts the "innocent owner" defense but has no possessory interest in the vehicle at the time of initiation of forfeiture proceedings. See *United States* v. *One 1982 Oldsmobile Cutlass,* 709 F. Sup. 1542 (W.D. Okla. 1989). Section 881 (a) (4) allows the innocent owner's defense "to the extent of an interest of an owner, by reason of any act or omission . . . without the knowledge, consent, or willful blindness of the owner." In *United States* v. *One 1982 Oldsmobile Cutlass,* supra, the owner participated in the illegal transaction. Even if the term "owner" is extended to cover any person with a legal or equitable interest in the property, the plaintiff in the present case had no such interest when the car was seized.

The next two claims track the second and third counts of the amended complaint. It is unnecessary to resolve whether sale of a forfeited car, based on statutory authorization and which generates funds for the municipality, is a governmental or proprietary function, because the plaintiff does not have a negligence claim against the town even if there is no governmental immunity defense. Negligence is breach of a duty and is conduct that creates an undue risk of harm to others. *Hoelter* v. *Mohawk Service, Inc.,* 170 Conn. 495, 501, 365 A.2d 1064 (1976); *Urban* v. *Hartford Gas Co.,* 139 Conn. 301, 304, 93 A.2d 292 (1952). "The existence of a duty is a question of law." *Shore* v. *Stonington,* 187 Conn. 147, 151, 444 A.2d 1379 (1982) (police owed no duty to person killed by intoxicated driver not previously arrested by police for reckless driving or driv-

ing while intoxicated). Unless some relationship exists between the person injured and the defendant, so that the defendant owes a duty to the plaintiff, there can be no liability for negligence. *Frankovitch* v. *Burton,* 185 Conn. 14, 20, 440 A.2d 254 (1981). For a municipality to be liable for the negligent acts of public officials, the plaintiff must demonstrate that the official involved owed a duty to the individual plaintiff, not merely a duty to the general public. *Sestito* v. *Groton,* 178 Conn. 520, 527, 423 A.2d 165 (1979); *Leger* v. *Kelley,* 142 Conn. 585, 589–90, 116 A.2d 429 (1955).

The plaintiff claims that the town had the duty to give him notice of the sale since it had actual notice of his claim to the car. No law is cited for this proposition, and the plaintiff has not identified any state or federal statute that requires personal notice to someone who claims an interest in the car. Publication of a legal notice of sale at public auction satisfies any notice requirements. In order to claim the right to notice on grounds of procedural due process, a claimant must have a property right to the car. See *Double I Ltd. Partnership* v. *Plan & Zoning Commission,* 218 Conn. 65, 76–77, 588 A.2d 624 (1991); *Bartlett* v. *Krause,* 209 Conn. 352, 362–63, 551 A.2d 710 (1988). For reasons previously discussed, any rights to the car were lost when it was released to Smith in August, 1989. Despite actual notice of his claim, the police were not required to give him personal notice of the sale, and could rely upon constructive notice by publication. *Double I Ltd. Partnership* v. *Plan & Zoning Commission,* supra, 76–77 n.13. The police acted at their peril when they removed the attachment from the car windshield and sold it without directly notifying the plaintiff, but in this case they guessed right. While the police should not lightly disregard a court order, the issuance of the prejudgment remedy was not a determination of rights to the car, and under the circum-

stances the attachment was invalid. The town also had no duty to the plaintiff to sell the car for any particular price since the plaintiff had no property interest in it.

It is not apparent from the record whether Smith was convicted of narcotics trafficking. Even if there was no conviction, an acquittal in a criminal proceeding arising from the same facts as the civil forfeiture proceeding does not prevent or terminate the forfeiture since there is a different burden of proof. *United States* v. *One 1977 Lincoln Mark V,* 453 F. Sup. 1388, 1391 (S.D.N.Y. 1978); *United States* v. *One 1988 Chevrolet Pickup,* 503 F. Sup. 1027, 1030 (D. Colo. 1980).

While the court is sympathetic with the plaintiff's plight, it cannot change the federal drug forfeiture statutes or impose equitable relief to avoid harsh results.

The defendant town's motion for summary judgment is granted as to the second and third counts of the amended complaint.