[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REARGUE
CT Page 9511
The plaintiff has filed a motion to reargue the decision granting the motion for summary judgment of the Town of New Milford on the second and third counts of the amended complaint, reported in Turner v. Smith,42 Conn. Sup. 206 (1992) on two grounds: (1) publication of the notice of seizure of the car in USA Today was inadequate because it is not a newspaper having general circulation in the Judicial District in which the processing of the forfeiture occurred: and (2) failure to give personal notice of the proceedings to the plaintiff since agents of the Drug Enforcement Agency (DEA) and the New Milford police knew of his interest in the car.
Motions to reargue have no basis in any statute or trial court rule of practice, although the trial court has discretion to reconsider a ruling, and it so, to act on it. K.A. Thompson Electric Co. v. Wesco, Inc.,24 Conn. 758, 759. Filing of such motions should rarely be considered since there is no basis for them in any statute or rule, and they clog the short calendar and consume the valuable time of the court. Connecticut National Bank v. Investors Capital Corporation, 29 Conn. App. 48, 58-59 (1992) (Landau, concurring).
The claim that the plaintiff was entitled to personal notice was raised in the prior motion but no authority was cited for it. An additional affidavit has now been filed by the plaintiff's attorney. There is no sound reason why these grounds could not have been raised and briefed when the motion for summary judgment was heard, and a party cannot present additional claims by successive attempts to reargue the same motion.
If these issues had been raised before they would have been rejected. The prior decision held that by releasing the car to the named defendant the plaintiff's right to a repairer's lien was forfeited, and that when the car was seized by the DEA he had no interest in it. The seizure of the car for drug trafficking cut off any subsequent rights to the car by anyone other than the federal government as a result of 21 U.S.C. § 881(c) and (h). Turner v. Smith, supra, 221.
In order to be entitled to notice to challenge the government's summary forfeiture of property based on 19 U.S.C. § 1607 where the property used in violation of law a claimant must have standing to claim an interest in the seized property. United States v. Five Hundred Thousand Dollars,730 F.2d 1437, 1439 (11th Cir. 1984); United States v. U.S. Currency and Coin: $558,110.00 626 F. Sup. 517, 520-21 (S.D. Ohio 1985). The burden to establish standing in forfeiture proceedings is on the claimant. See United States v. Three Hundred Sixty Four Thousand Nine Hundred Sixty Dollars in United States Currency, 661 F.2d 319, 326 (5th Cir. Unit B 1981). Under CT Page 951219 U.S.C. § 1607 the government agency which seizes property must publish notice of the seizure and its intent to forfeit it, and must send written notice to each party who appears to have an interest in the seized property. Gutt v. United States, 641 F. Sup. 603, 605-606 (W.D. Va. 1986). If a claim is received and a bond is posted a judicial forfeiture, a civil in rem proceeding, must be used by the government instead of a summary forfeiture proceeding. United States v. $80,760 in U.S. Currency, 781 F. Sup. 462, 466
(N.D. Texas 1985).
The cases discussing standing to make a claim require the claimant to have a specific interest in the property seized amounting to an ownership or possessory interest such as a mortgage or recorded security interest, and a general equitable lien of a potential judgment creditor is insufficient. United States v. U.S. Currency and Coin: $558,110.00, supra, 521; see also cases cited in United States v. $80,760 In U.S. Currency, supra, 467-68 n. 15, holding that an ownership interest or actual or constructive possession is essential. The claimant's rights to the seized property are decided under state law. United States v. U.S. Currency and Coin: $558,110.00, supra, 521. It has already been determined in the prior opinion that the plaintiff had no interest in the car under Connecticut law when it was seized by the DEA. Since the plaintiff had no legal interest in the car he was not entitled to notice and has no standing to question the adequacy of the notice given for the purpose of forcing a judicial forfeiture proceeding.
This court also has no jurisdiction to grant a claimant additional time to file a claim under the federal statutes in order to force a federal judicial forfeiture. An extension is only allowed in unusual and compelling cases, and can only be granted by the United States District Court.
The motion is denied.
Robert A. Fuller, Judge